NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH DEMMICK, on behalf of himself and all others similarly situated; DONALD BARTH, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP, a Delaware General Partnership doing business as Verizon Wireless; and DOES 1 through 10,<br><br>                    Defendant. | Civil Action No.: 06-2163 (JLL)<br><br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court on Defendant Cellco Partnership's[1] motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendant's motion is DENIED, in part, and GRANTED, in part.

## BACKGROUND

On or around July 2004, Plaintiff Demmick, a Maryland resident, entered into a wireless telephone service agreement with Verizon. (Compl., ¶ 12). Plaintiff Demmick selected the "Family Share Plan" which included a "bucket" of 3,000 minutes which were to be shared among

---

[1] Defendant Cellco Partnership is a Delaware General Partnership doing business as Verizon Wireless. (Compl., ¶ 1). As such, the Court will refer to Cellco Partnership as "Verizon" or "Defendant."

1

a primary phone and three secondary phones, for a monthly rate of $149.99, plus an additional $20.00 per month for each of the three secondary phones. (Id.).

On or about February 2004, Plaintiff Barth, a New Jersey resident, also entered into a wireless telephone service agreement with Verizon. (Compl., ¶ 18). Plaintiff Barth also selected the "Family Share Plan" which included a "bucket" of 1,600 minutes which were to be shared among a primary phone and two secondary phones, for a monthly rate of $99.99 plus $20.00 per month for each of the two secondary phones. (Id.). According to Plaintiff Barth, his Family Share Plan also included certain features and/or promotions such as "unlimited shared night and weekend minutes" and "In-Network calling," which would allow each phone in his Family Share Plan to make unlimited calls to other Verizon "In-Network" customers. (Id.).

According to Plaintiffs, their respective agreements with Verizon provided that an "additional per minute charge" would apply for additional minutes used over the shared minute allotment. The additional minutes were to be charged at a rate of $.25 per minute for the primary phone, and $.45 per minute for any secondary phones. (Compl., ¶ 13, 19). However, according to Plaintiffs, Verizon has an "undisclosed practice and policy" whereby all additional minutes are applied to the secondary phones, at the more expensive rate of $.45 per minute, regardless of which phone actually incurs the additional minutes. (Compl., ¶¶ 16-17; 22). As a result, Plaintiffs allege that they have been assessed additional per minute charges "in excess of what they should have been charged and have been damaged thereby."[2] (Compl., ¶ 23).

Additionally, Plaintiffs allege that Plaintiff Barth has been improperly charged for: (1) "In-Network" calling, despite the fact that his Family Share Plan included the In-Network

---

[2] The Court will refer to this claim as Plaintiffs' overage minutes claim.

promotion, and (2) for calls between his primary and secondary phones, both of which are on Verizon's network and should therefore qualify under the "In-Network" promotion.[3] (Compl, ¶ 24).

On May 11, 2006, Plaintiffs, on behalf of themselves and all others similarly situated,[4] filed the instant class action Complaint against Verizon. Count One of the Complaint alleges violation of the Federal Communications Act, 47 U.S.C. § 201. Count Two seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 so that Plaintiffs and proposed class members may ascertain their respective rights and duties in connection with Verizon's billing practices. Count Three alleges breach of a written contract. Count Four alleges common law fraud. Count Five alleges a violation of the New Jersey Consumer Fraud Act, and Count Six alleges a violation of the Maryland Consumer Protection Act. It appears that Plaintiffs assert each count on the basis of two distinct claims: (1) Plaintiffs' overage minutes claim, and (2) Barth's in-network/in-family claim.[5]

## LEGAL STANDARD

**A.     Federal Rule of Civil Procedure 12(b)(6)**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and to draw all

---

[3] The Court will refer to this claim as Barth's in-network/in-family claim.

[4] The Complaint indicates that Plaintiffs seek to bring this action on behalf of "a nationwide class of all others similarly situated, and on behalf of a New Jersey state subclass and a Maryland state subclass of all others similarly situated." (Compl., ¶ 2). The Court notes that Plaintiffs have not moved to certify their proposed class.

[5] However, Count Six appears to be based only on Plaintiffs' overage minutes claim.

reasonable inferences in favor of the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). The question is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. Dismissal under Rule 12(b)(6) is not appropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., 267 F.3d 340, 346 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Third Circuit has further noted that courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir.1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. In re Nice Sys., Ltd. Sec. Litig., 135 F.Supp.2d 551, 565 (D.N.J. 2001).

**B.     Federal Rule of Civil Procedure 12(b)(1)**

Pursuant to Rule 12(b)(1), the Court may dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Motions to dismiss under Rule 12(b)(1) generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.  See  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In considering a Rule 12(b)(1) motion to dismiss which facially attacks the sufficiency of the complaint's allegations, this Court is also required to assume that Plaintiff's allegations are true. See id. at 891 (explaining that in assessing a facial attack brought pursuant to Rule 12(b)(1), the

court must consider the allegations of the complaint as true).

However, where the motion to dismiss brought pursuant to Rule 12(b)(1) attacks the existence of subject matter jurisdiction "in fact," "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id.  Accordingly, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Id. (noting that "plaintiff will have the burden of proof that jurisdiction does in fact exist.").

## DISCUSSION

### A. Plaintiffs' Overage Minutes Claim

Defendant argues that Plaintiffs' overage minutes claim should be dismissed because "[t]he express terms of the agreement . . . contradict the Plaintiffs' allegation that 'all additional minutes' above the [family share] allowance are charged to the 'secondary accounts' at the 'more expensive additional per minute charge of $.45 per minute.'"[6] (Def. Br. at 10-11).  In particular, Defendant argues that "[t]he incorporated Family Share Calling Plan expressly contradicts this claim, making clear that the primary line overage rate was in fact $.25 per minute, while the additional line overage rate was $.45 per minute." (Id. at 11).

In the Complaint, Plaintiffs allege the following:

> Defendants' undisclosed practice and policy apparently is to apply
> all additional minutes to the secondary accounts and thereby to
> charge the more expensive additional per minute charge of $.45 per
> minute.  In other words, regardless of which phone actually is used

---

[6] Although Defendant does not indicate which specific counts of the Complaint it seeks to dismiss on the basis of Plaintiffs' overage minutes claim, the Court will construe Defendant's 12(b)(6) motion as seeking to dismiss Counts One, Two, Three, Four, Five and Six of the Complaint, solely to the extent that they relate to Plaintiffs' overage minutes claim.

>to incur the additional minutes, under Defendants' billing scheme
>all additional usage is applied only to the secondary accounts and
>billed at the higher additional per minute charge applicable to those
>secondary accounts.

(Compl., ¶¶ 16, 17).

In support of their motion to dismiss, Defendant attaches what it claims to be the relevant Customer Agreements and Calling Plan documents at issue in this case. Federal Rule of Civil Procedure 12(b) provides that if matters outside the pleadings are presented and not excluded by the court, the motion shall be converted to one for summary judgment and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Fed. R. Civ. P. 56. However, in the Third Circuit, such conversion is at the discretion of the court where the matters outside the pleadings consist only of: (1) matters attached to the complaint; (2) matters incorporated into the pleadings by reference; (3) matters of public record; and (4) matters integral to or upon which plaintiff's claim is based. In re Bayside Prison Litig., 190 F. Supp. 2d 755 (D.N.J. 2002) (citations omitted). In particular, the Third Circuit has explained that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Plaintiffs do not necessarily dispute that the Customer Agreements attached to Defendant's motion to dismiss are the contracts referenced in the Complaint. (Pl. Opp'n Br. at 9). However, the Court has reviewed both Customer Agreements submitted by Defendant and finds that said agreements were not signed by Plaintiffs, and do not otherwise provide any indication that they were the specific agreements received and/or entered into by Plaintiffs in this case. Therefore, the Court

will not consider the Customer Agreements attached to Defendant's motion.[7]

The crux of Defendant's argument, with respect to each count of the Complaint, as it relates to Plaintiffs' overage minutes claim, is that Plaintiffs' agreements contradict their overage minutes claim and thus require dismissal.[8] In particular, Defendant rests its motion to dismiss each count of the Complaint on the argument that "all causes of action based on the overage claims fail because the agreements disclose precisely those billing practices that Plaintiffs contend are not disclosed or are otherwise misleading." (Def. Br. at 14).

To the extent that Defendant rests its pending motion to dismiss each count of the Complaint with respect to the overage minutes claim solely on such an argument, the Court finds Defendant's reliance on same to be misplaced. The Court determines that this issue is not whether Plaintiffs' overage minutes allegations are contradicted by the relevant agreements, as suggested by Defendant; to the contrary, the issue – as set forth in the Complaint – is whether

---

[7] Accordingly, the Court need not determine whether the Calling Plan documents, attached as Exhibits B and E to the Malutich Declaration, are incorporated by the terms of the relevant Customer Agreements.

[8] Defendants are correct in noting that Plaintiffs do not cite to any Verizon wireless telephone service bills in support of their overage minutes claim. The Court has reviewed the Verizon Wireless bills attached to the Complaint by Plaintiffs, and notes that while Plaintiffs cite to the "Service Profile" portion of the bills in support of their assertion that the additional per minute charge for the primary phone is $.25 per minute and the additional per minute charge for any secondary phones is $.45 per minute, Plaintiffs do not cite to these bills in support of their allegation that Verizon charges $.45 per minute for all overage minutes, regardless of which telephone actually incurred the additional minutes. (Compl., ¶¶ 15, 21). While Plaintiffs will ultimately need to provide affirmative evidence in support of their factual allegations, no such requirement exists for purposes of the instant motion. See, e.g., Scheuer, 416 U.S. at 236 (explaining that, in conducting a 12(b)(6) analysis, the question is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be given an opportunity to offer evidence in support of their claims"); Alston v. Parker, 363 F.3d at 233 ("In considering this appeal from a Rule 12(b)(6) dismissal, we accept all allegations as true and attribute all reasonable inferences in favor of Alston.").

7

Defendant has an <u>undisclosed</u> policy which, itself, contradicts the terms of the relevant agreements. Accepting all allegations in the Complaint as true, and drawing all reasonable inferences in favor of Plaintiffs, the Court finds that it would be premature to dismiss Plaintiffs' overage minutes allegations on such a basis, without providing Plaintiffs with an opportunity to offer evidence in support of their allegation that Defendant has such an undisclosed billing practice. See, e.g., Scheuer, 416 U.S. at 236 ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). Because Defendant moves solely on this basis,[9] the Court denies Defendant's motion to dismiss Plaintiffs' overage minutes claim.[10]

**B.      Plaintiff Barth's In-Network/In-Family Claim**[11]

---

[9] Aside from the argument that all of Plaintiffs' claims are contradicted by the express terms of the agreement, Defendant makes no other arguments in support of the 12(b)(6) motion to dismiss. See Def. Br. at 14 ("all causes of action based on the overage claims fail because the agreements disclose precisely those billing practices that Plaintiffs contend are not disclosed or are otherwise misleading."

[10] In doing so, this Court is mindful that the parties appear to be in agreement with respect to the following: (1) the parties agree that under the terms of the relevant agreement, overage minutes are to be charged at the rate of $.25 per minute for the primary phone and $.45 per minute for any secondary phones (Compl., ¶¶ 13, 19) (Def. Br. at 11); and (2) the parties agree that under the terms of the relevant agreement, any additional minutes – over the shared "bucket" minutes – are to be charged to the phone which is responsible for incurring the overage minutes (Compl., ¶¶ 13, 19) (Def. Reply. Br. at 12).

[11] Plaintiff Barth's in-network/in-family claim is based on the following allegation contained in the Complaint:

> Barth has been wrongfully charged for "In-Network" calling, even though his plan clearly states that he has unlimited "In-Network" calls for no additional charge. Indeed, Barth even has been charged for calls between his primary and secondary phones, both of which are on Verizon's network and should thus qualify under the "In-Network" promotion. Not only are these calls wrongfully

Defendant argues that Plaintiff Barth's in-network/in-family claim should be dismissed on mootness grounds.[12] (Def. Br. at 16). In particular, Defendant argues that:

> A Verizon Wireless store representative made a clerical error when Barth entered his agreement. As a result, Barth did not receive unlimited In-Network or In-Family calling features on his account. As soon as Barth brought this error to Verizon Wireless's attention on February 11, 2006, almost two years after he entered his agreement, a $1,820.48 credit was promptly issued on Barth's April 12, 2006 bill covering In-Network and In-Family calls that had improperly been billed to his account.

(Def. Br. at 16). As a result, according to Defendant, "Barth's claims are moot and he lacks standing to assert them here." (Id. at 17).

As a preliminary matter, the Court notes that in reviewing a factual attack under Federal Rule of Civil Procedure 12(b)(1), the Court need not presume that any facts contained in the Complaint are true, and the Court is free to consider evidence outside the pleadings. See, e.g., Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a factual attack [under 12(b)(1)], the court may consider evidence outside the pleadings."); Mortensen v.

---

> charged at a rate as high as 45 cents per minute, these calls also are wrongfully counted against Barth's shared monthly allotment of 1,600 minutes. This results in the imposition of wrongful additional charges for airtime exceeding the shared monthly allotment with regard to the "In-Network" calling that the contract obligates the Defendants to provide at no additional charge.

Compl., ¶ 24.

[12] Although Defendant does not indicate which specific counts of the Complaint it seeks to dismiss on the basis of Plaintiff Barth's in-network/in-family claim, the Court will construe Defendant's 12(b)(1) motion as seeking to dismiss Counts One, Two, Three, Four and Five of the Complaint, solely to the extent that they relate to Plaintiff Barth's in-network/in-family claim.

First Fed. Sav. & Loan Ass'n, 549 F.2d at 891(same).[13]  Because Defendant moves to dismiss Plaintiff Barth's in-network/in-family claim on the basis that such claim was based on a clerical error which was subsequently corrected by Verizon, the Court construes Defendant's motion as attacking the existence of subject matter jurisdiction in fact.  As a result, the Court will consider those portions of the Malutich Declaration submitted on behalf of Verizon in support of the instant 12(b)(1) motion.

Daniel Malutich, an Executive Relations Supervisor in the Customer Care Department of Verizon Wireless, certified that on or about March 2004, Plaintiff Barth had "requested a Family Share calling plan allowing unlimited In-Network calling among all lines on his Family Share calling plan," at a Verizon Wireless store.  (Malutich Decl., ¶ 9).  However, a customer care representative at the Verizon Wireless store made a clerical error, which resulted in the in-network calling feature code being removed from Plaintiff Barth's account.  (Id. at ¶ 10).  As a result, Plaintiff Barth "did not receive either feature allowing In-Network or In-Family calling." [14]

---

[13] In Mortensen, the Third Circuit explained the following:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Id.

[14] The relevant portion of Mr. Malutich's Declaration is as follows:

> It appears that on or about March 7, 2004, a clerical error was

"The federal 'judicial power' extends only to 'Cases' or 'Controversies.'  U.S. Const. art III, § 2.  The 'case or controversy' requirement demands that a cause of action before a federal court present a 'justiciable' controversy, and 'no justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments." Lusardi v. Xerox Corp., 975 F.2d 964, 973-74 (3d Cir. 1992) (citation omitted).  The Third Circuit has explained that "[t]he doctrine of mootness requires that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" Brown v. Philadelphia Housing Authority, 350 F.3d 338, 343 (3d Cir. 2003) (citation omitted).  Furthermore, "once the

---

> made by a customer care representative at Verizon Wireless's Bridgewater Mall store, where Mr. Barth entered his agreement. As a result of this error, the unlimited In-Network calling feature code was removed from Mr. Barth's account and he did not receive either feature allowing In-Network or In-Family calling.  Because this feature code had been removed, Mr. Barth was not assessed, nor did he pay, the $10 monthly fee for In-Network calling among all his Family SharePlan lines.
>
> Upon first being notified of the clerical error on or about February 11, 2006, Verizon Wireless promptly investigated Barth's claim and issued a credit of $1,820.48, which appeared on his April 12, 2006 billing statement.  This credit covered all overage minutes billing identified at that time, and would have included any billing for In-Network or In-Family calls identified at that time.  This credit was based upon a review of the most recent 12 months of billing statements available to the customer care representative.  Older billing statements needed to be requested from archives.  Upon further investigation of Mr. Barth's archived bills, an additional overage minutes credit of $405.90 was posted to Mr. Barth's account on July 19, 2006, resulting in a total overage minutes billing credit of $2,226.38.  An additional $500 credit was applied to Barth's account on July 20, 2006 to cover any claim for interest.

(Malutich Decl., ¶¶ 10, 11).

controversy ceases to exist the court must dismiss the case for lack of jurisdiction." Lusardi, 975 F.2d at 974. See, e.g., Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326, 335 (1980) (explaining that "the definitive mootness of a case or controversy . . . ousts the jurisdiction of the federal courts and requires dismissal of the case").

Special mootness rules apply in the context of class actions. Brown, 350 F.3d at 343. "Once a class has been certified, mooting of the class representative's claims does not moot the entire action because the class 'acquire[s] a legal status separate from the interest asserted [by its named plaintiff].'" Lusardi, 975 F.2d at 974. However, this rule does not apply when a class has not yet been certified. Instead, "when claims of the named plaintiffs become moot before class certification, dismissal of the action is required." Id.[15]

Plaintiffs do not dispute that Plaintiff Barth's in-network/in-family claim was, in fact, based on a clerical error generated by Verizon, nor do Plaintiffs suggest that the amount of money ultimately credited to Plaintiff Barth by Verizon did not sufficiently cover the amount of the billing error. (Pl. Opp'n Br. at 15). Rather, Plaintiffs argue that Barth's in-network/in-family claim should not be dismissed as moot because: (1) Verizon only issued credits to Barth in an effort to "pick off" Barth as a class representative, (2) any such credits do not provide the

---

[15] Plaintiffs rely on United States Parole Comm'n v. Geraghty, 445 U.S. 388 (1980) and Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326 (1980) for the proposition that "even if a purported class representative's personal claim becomes moot through the passage of time, the plaintiff maintains a 'personal stake in the class certification decision' because he has a 'procedural . . . right to represent a class'" (Pl. Opp'n Br. at 18). The Court has reviewed both cases and finds Plaintiffs' reliance on same to be misplaced. Those cases address a different issue, namely whether a putative class representative retains an individual interest in appealing the denial of class certification once his or her substantive claim expires. See, e.g., United States Parole Comm'n, 445 U.S. at 404 (stating that "[o]ur holding is limited to the appeal of the denial of the class certification motion."). Plaintiff has provided no legal authority indicating otherwise.

"maximum damages" to the putative class, and (3) the credits issued do not eliminate Barth's request for a declaratory judgment. The Court finds Plaintiffs' arguments in this regard to be unavailing.

First, Plaintiffs rely on Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004), for the proposition that "an individual offer of relief to a proposed representative plaintiff does not automatically render a putative class action moot – even if the offer of relief is extended prior to class certification." (Pl. Opp'n Br. at 15). In Weiss, the Third Circuit found that the putative class was not rendered moot, where Defendants had made a Rule 68 offer six weeks after the plaintiff had filed his amended complaint. Weiss, 385 F.3d at 349 n. 18 (emphasis added). The Court went on to explain that although the Rule 68 offer provided all the relief available to the plaintiff, as an individual, it did not provide maximum damages to the putative class because the Fair Debt Collection Practices Act specifically authorized additional recovery for non-named class members. Id. at 342.

The Court finds the circumstances of the instant case to be distinguishable based on the fact that the first and largest installment of credit, in the amount of $1,820.48, was issued to Plaintiff Barth prior to the initiation of this lawsuit (Pl. Opp'n Br. at 19; Malutich Decl., ¶ 11).[16]

---

[16] Plaintiffs do not dispute that the first installment of credit was issued to Barth prior to the initiation of this lawsuit, nor do Plaintiffs suggest that Verizon issued the first installment of credit after being threatened by Barth and/or his representative with the possibility of a lawsuit. See Pl. Opp'n Br. at 19 ("Verizon Wireless did not provide the first installment of credit until after being contacted by Mr. Barth and/or his representative in or around February 2006, and did not provide the remainder of the credit until on or about July 19, 2006 – more than two months after Mr. Barth filed his lawsuit on May 11, 2006.") (emphasis in original); see also Malutich Cert., ¶ 11 ("Upon being notified of the clerical error on or about February 11, 2006, Verizon Wireless promptly investigated Barth's claim and issued a credit of $1,820. 48, which appeared on his April 12, 2006 billing statement.").

13

Although the second installment of credit was not issued to Plaintiff Barth until after the initiation of this lawsuit, the Malutich Declaration indicates – and Barth does not dispute – that the reason for this delay is that older billing statements needed to be obtained from archives.[17]

Additionally, although Plaintiffs argue that the credits issued to Barth do not provide the "maximum damages" to the putative class, Plaintiffs have not identified any provisions in the statutes at issue in connection with Barth's in-network/in-family claim which specifically authorize additional relief for non-named class members.  As a result, Plaintiffs have given this Court no reason to believe that the concerns raised in Weiss are applicable to the case at hand.

Finally, while the Court agrees with Plaintiffs' assertion that the credits issued by Verizon to Plaintiff Barth did not satisfy their request for entry of a declaratory judgment, the Court finds that such relief is unavailable in this case.  "Both Article III and the Declaratory Judgment Act limit this Court's power to issue a declaratory judgment to cases in which an actual, ongoing 'case or controversy' exists." Securimetrics, Inc. v. Iridian Techs., Inc., No. Civ.03-4394, 2005 WL 1140689, at * 2 (D.N.J. May 13, 2005).  Under the Declaratory Judgment Act, a court may declare the rights and other legal relations of any interested party where there exists an "actual controversy." 28 U.S.C. § 2201(a).[18]  However, the Third Circuit has explained that "[p]ast

---

[17] In particular, the Malutich Declaration explains that although the clerical was made on or about March 7, 2004, Verizon was not notified about this error until February 2006.  As such, the first installment of credit reflected only the previous twelve months.  Once the older billing statements were obtained from archives, an additional overage credit of $405.90 was issued to Plaintiff Barth's account on July 19, 2006.  An additional $500 credit was also issued to Plaintiff Barth's account on July 20, 2006 to cover interest. (Malutich Decl., ¶ 11).

[18] The Declaratory Judgment Act provides that:

> In a case of actual controversy within its jurisdiction . . . any court
> of the United States, upon the filing of an appropriate pleading,

14

exposure to illegal conduct does not in itself show a present case or controversy if unaccompanied by any continuing, present adverse effects." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 699 (3d Cir. 1996). Rather, plaintiff "must demonstrate some injury, or threat thereof, 'of sufficient immediacy and ripeness to warrant judicial intervention.'" Id. (citations omitted).

Thus, even if the Court were to consider Plaintiff Barth's request for a declaratory judgment in connection with his in-network/in-family claim, because it is based on a clerical error, which has since been corrected by Verizon, the Court determines that such relief is unavailable, as there is no longer an "actual controversy." See, e.g., Securimetrics, Inc., 2005 WL 1140689, at *3 (granting plaintiff's motion to dismiss defendant's counterclaim for a declaratory judgment where there was no actual case or controversy); Moore v. United States, No. 85-2258, 1986 WL 5701, at *2 (D.N.J. March 3, 1986) (granting defendant's motion to dismiss the complaint, and explaining that "[w]ithout an actual controversy plaintiffs may not press a claim for declaratory relief."). As such, the Court determines that it is without jurisdiction to consider Plaintiff Barth's in-network/in-family claim, as there has ceased to be a live "case or controversy" in connection with same. Accordingly, Defendant's motion to dismiss in this regard is GRANTED, and the Court hereby dismisses Plaintiff Barth's in-network/in-family claim as moot, without prejudice.

---

        may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

## **CONCLUSION**

Based on the reasons set forth above, the Court denies Defendant's motion to dismiss Plaintiffs' overage minutes claim, but grants Defendant's motion to dismiss Plaintiff Barth's in-network/in-family claim.

An appropriate Order accompanies this Opinion.


DATED: March 13, 2007                              /s/ Jose L. Linares
                                                   United States District Judge