UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RALPH DEMMICK** : | |
| : | Civil Action No. 06-2163 (JLL) |
| : | |
| Plaintiff(s), : | OPINION AND ORDER |
| v. : | |
| : | |
| **CELLCO PARTNERSHIP, ET AL.,** : | |
| : | |
| : | |
| Defendant(s). : | |
| : | |

      This matter comes before the Court by way of Plaintiffs' motion to amend the Complaint (Docket Entry No. 41). Defendant opposed the motion. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. For the reasons expressed below, Plaintiffs' motion is GRANTED.

### FACTUAL BACKGROUND

      On May 11, 2006, Plaintiffs Ralph Demmick and Donald Barth filed a putative class action Complaint asserting two claims related to the billing practices of Defendant Cellco Partnership (doing business as Verizon Wireless).[1] The first claim asserted in the Complaint alleges that Plaintiffs were billed at an excessive rate for calls made after the minutes contracted for under their respective calling plans were depleted. Plaintiffs also state that Defendant failed to adequately disclose the methodology it utilized to calculate these after-allowance minutes to Plaintiffs and its other customers. The second claim, asserted by Plaintiff Barth only, alleged that

---

[1] Plaintiffs are individual consumers who purchased cellular telephone services from Defendant.

Defendant improperly billed Barth for calls made between two Verizon Wireless cellular telephones, known as In-Network and/or In-Family calls (the "Barth Claim"). However, on March 13, 2007, the Hon. Jose L. Linares, U.S.D.J., dismissed the Barth Claim as moot, finding that Defendant undertook remedial action prior to the commencement of the instant suit.

Plaintiffs now move to amend the Complaint to: (1) remove the count pertaining to the now-moot Barth Claim; and (2) to assert an additional claim on behalf of Plaintiff Demmick alleging that he was erroneously charged for In-Network and/or In-Family calls. The new claim Plaintiffs seek to add to the Complaint involves a similar legal theory asserted in the dismissed Barth Claim but is supported by different facts and circumstances.

## DISCUSSION

**I.  Applicable Legal Standard - Federal Rule of Civil Procedure 15(a)**

Federal Rule of Civil Procedure 15(a) governs Plaintiffs' motion to amend the Complaint in this matter. Rule 15(a) provides in pertinent part:

> [A] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

When deciding whether to grant a motion in support of leave to amend pursuant to Rule 15(a), "[a] general presumption exists in favor of allowing a party to amend its pleadings." Del Sontro v. Cendant Corp., Inc., 223 F.Supp.2d 563, 576 (D.N.J. 2002). Leave to amend may be denied, however, if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of amendment. Foman v. Davis, 371 U.S. 178, 182

(1962); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citations omitted).  For the reasons discussed below, the Court rejects Defendant's arguments and finds that Plaintiffs should be permitted to amend their Complaint under Federal Rule 15(a).

## II.  Undue Delay

"The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party."  Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984).  Indeed, there is "no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue'."  Arthur v. Maersk, Inc., 434 F.3d 196, 205 (3d Cir. 2006).

Here, although this case has been pending for some time, there has been no undue delay in Plaintiffs' moving to amend.  Although Plaintiff Demmick first complained that he was overcharged by Verizon for In Network calls in 2004, Demmick asserts that he was not able to confirm the circumstances surrounding the billing errors until a few months before the filing of this motion.  Plaintiffs then attempted to obtain Defendant's consent to the filing of an amended complaint and, when informed that Defendant would not consent, promptly moved to amend.  Plaintiffs' filing is therefore timely and Plaintiffs have not engaged in undue delay.

## III.  Undue Prejudice

The potential of prejudice to the nonmoving party is the "touchstone for the denial of the amendment" pursuant to Rule 15(a).  Lopez v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).  The non-moving party has the burden of demonstrating that unfair disadvantage or deprivation will result if the amendment is allowed.  In re Bristol Myers Squibb Sec. Litig., 228 F.R.D. 221,

228 (D.N.J. 2005). In order to determine undue delay, the moving parties' motives for not filing sooner are to be considered. The Pep Boys-Manny, Moe and Jack v. Safeco Corp., No. 04-cv-5723, 2005 WL 312065, at *2 (E.D. Pa. Nov. 21, 2005).

The Court finds that Defendant will not suffer any prejudice if Plaintiffs are allowed to amend the Complaint at this time. This litigation is still in its early stages. The parties are in the midst of conducting class-related discovery, motions with regard to class certification have not yet been filed and no trial date has been set. In addition, Plaintiff Demmick intends to file a separate class action suit asserting the same claim he seeks to add to this Complaint by way of amendment if the instant motion is denied. Given these factors, the Court finds that Defendant will not be unduly prejudiced by an amendment of the Complaint at this juncture.

### IV.   Bad Faith or Dilatory Motive

As stated above, Plaintiffs have not unduly delayed in moving to amend the Complaint. Plaintiffs filed this motion shortly after confirming the circumstances surrounding the billing practices at issue. Accordingly, there is no basis upon which the Court can impute bad faith to Plaintiffs.

### V.   Futility

A court may deny a motion to amend "if the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." Id. Although the Court is guided by Federal Rule of Civil Procedure 12(b)(6), the futility analysis "does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or

defense." Id. at 469.

Despite Defendant's arguments that the billing errors at issue fail to state a claim, the Court finds that Plaintiffs should be permitted to amend. The proposed amendment sufficiently alleges that Defendant overcharged Plaintiff Demmick for certain calls and that Defendant failed to adequately disclose the billing practices applicable to those calls. When taken in the light most favorable to Plaintiffs, this claim presents sufficient "information to suggest that there is some recognized legal theory upon which relief may be granted." Eli Lilly & Co. v. Roussel Corp., 23 F.Supp.2d 460, 475 (D.N.J. 1998).

## CONCLUSION

Based on the foregoing, the Court concludes that Plaintiffs should be permitted to amend the Complaint in this matter.

Accordingly, **IT IS** on this 18th day of March, 2008,

**ORDERED** that Plaintiffs' motion to amend the Complaint (Docket Entry No. 41) is **GRANTED**.

*s/Claire C. Cecchi*
**CLAIRE C. CECCHI**
United States Magistrate Judge