**HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP**
**Stephen L. Dreyfuss, Esq.**
**sldreyfuss@hlgslaw.com**
**One Gateway Center**
**Newark, New Jersey 07102-5386**
**Tel: (973) 621-9020**
**Fax: (973) 621-7406**
**Attorneys for Plaintiffs**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ----------------------------x<br>RALPH DEMMICK, on behalf of :<br>himself and all others simi-<br>larly situated; DONALD BARTH,<br>on behalf of himself and all<br>others similarly situated, :<br><br>          Plaintiffs, :<br><br>v. :<br><br>CELLCO PARTNERSHIP, a Dela- :<br>ware General Partnership doing<br>business as Verizon Wireless;<br>and DOES 1 through 10, :<br><br>          Defendants. :<br>----------------------------x | Civil Action No. 06-2163 (JLL)<br><br>Honorable José L. Linares<br>Honorable Claire C. Cecchi<br><br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL**<br><br>     **ELECTRONICALLY FILED** |

        Plaintiffs RALPH DEMMICK, residing at 23113 Town Creek

Drive, Lexington Park, Maryland 20653, and DONALD BARTH, residing

at 50 Sutton Farm Road, Flemington, New Jersey 08822 (hereinafter

"Plaintiffs"), by their attorneys, on behalf of themselves and

all others similarly situated, as and for their Second Amended

Complaint against defendants CELLCO PARTNERSHIP, a Delaware

general partnership doing business as Verizon Wireless, with its

principal place of business at 180 Washington Valley Road, Bedminster, New Jersey 07921, and DOES 1 through 10, allege as follows:

1.   All allegations made in this Complaint are based upon information and belief except those allegations which pertain to Plaintiffs, which are based on personal knowledge. Each allegation in this Complaint either has evidentiary support or, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## NATURE OF THE ACTION

2.   This is a consumer class action for, *inter alia,* violations of federal law, New Jersey and Maryland state law and common law arising out of the unfair, deceptive and misleading billing practices engaged in by defendants, specifically: (1) misapplying customers' usage of "included minutes" and "additional minutes" and, as a result, assessing excess "additional per minute charges"; (2) failing to disclose to customers that all additional per minute charges incurred on "Family Share Plans" will be charged at the higher per minute rate associated with the secondary phones – even if the calls were placed from or received by the primary phone; and (3) failing to properly credit and account for "In-Network" calling (calls between two Verizon Wireless cellular telephones). Plaintiffs bring this action in their own right, on behalf of a nationwide class of all others similarly situated, and on behalf

of a New Jersey state subclass and a Maryland state subclass of all others similarly situated.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper in this Court pursuant to (a) 28 U.S.C. § 1331 because this matter involves a violation of 47 U.S.C. § 201, (b) 47 U.S.C. § 207 because this is a suit for the recovery of damages under the Federal Communications Act, and (c) 28 U.S.C. § 1332(d) because this is a class action in which the citizenship of one or more members of the plaintiff nationwide class, and of one or more members of each of the plaintiff New Jersey and Maryland state subclasses, is different from that of any defendant and the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  In addition, this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims asserted herein.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3).

## PARTIES

5.     Plaintiff Ralph Demmick ("Demmick") is a citizen of the State of Maryland.

6.     Plaintiff Donald Barth ("Barth") is a citizen of the State of New Jersey.

7.     Defendant Cellco Partnership ("Cellco") is, and at all times relevant hereto was, a Delaware general partnership

with its principal place of business located in Bedminster, New Jersey.

8.   Plaintiffs are unaware of the true names, identities and capacities of the defendants sued herein as DOES 1 through 10.  Plaintiffs will amend this Complaint to allege the true names and capacities of DOES 1 through 10 when ascertained. Plaintiffs are informed and believe, and thereupon allege, that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings set forth herein, and has proximately caused injuries and damages to Plaintiffs as set forth below.

9.   As used herein, the term "Defendants" shall refer to Cellco and DOES 1 through 10, collectively.

10.   Whenever in this Complaint reference is made to any act, deed or conduct of Defendants, the allegation means that Defendants engaged in the act, deed or conduct by or through one or more of their officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of one or more of Defendants.

11.   Plaintiffs are informed and believe, and based thereupon allege, that at all times material hereto, each of the Defendants was the agent, servant and/or employee of the other Defendants, acted within the purpose, scope and course of said agency, service and/or employment and with the express and/or

4

implied knowledge, permission and consent of the other Defend-
ants, and ratified and approved the acts of the other Defendants.

## FACTUAL BACKGROUND

12.  In or about July 2004, Demmick contracted with
Defendants for a wireless telephone service "Family Share Plan"
("Plan") which included a "bucket" of 3,000 general minutes that
were to be shared among one primary phone and three secondary
phones, for a flat monthly charge of $149.99 plus $20.00 per
month for each of the three secondary phones.  The Plan also
included certain features and promotions such as "unlimited
shared night and weekend minutes" and "In-Network calling." "In-
Network" calling allows each of the phones to make unlimited
calls to other Verizon "In-Network calling" customers.

13.  Pursuant to Demmick's contract with Defendants, an
"additional per minute charge" was to apply for "additional
minutes" used over the shared 3,000-minute allotment.  The
additional per minute charge for Demmick's primary phone was
$0.25 per minute.  For each of Demmick's secondary phones, the
additional per minute charge was $0.45 per minute.

14.  Demmick receives a monthly bill from Defendants
detailing his wireless telephone charges.  A true and correct
copy of Demmick's monthly billing statement for March 2005 is
attached hereto as Exhibit A.

15.  Each bill contains a "Service Profile" for each of
Demmick's four phone accounts.  Each Service Profile contains the
"additional per minute charge."  The Service Profile for the

primary account (ending in 7630) states: "Additional per minute charge $.25 peak, $.25 off-peak."  The Service Profile for each of the secondary accounts states: "Additional per minute charge $.45 peak, $.45 off-peak."

16.  Defendants' undisclosed practice and policy apparently is to apply all additional minutes to the secondary accounts and thereby to charge the more expensive additional per minute charge of $0.45 per minute.

17.  In other words, regardless of which phone actually is used to incur the additional minutes, under Defendants' billing scheme all additional usage is applied only to the secondary accounts and billed at the higher additional per minute charge applicable to those secondary accounts.

18.  In addition, Demmick has been wrongfully charged for "In-Network" calling, even though his plan clearly states that he has unlimited "In-Network" calls for no additional charge.  Indeed, Demmick even has been charged for calls between his primary and secondary phones, both of which are on Verizon's network and should thus qualify under the "In-Network" promotion. Not only are these calls wrongfully charged at a rate as high as 45 cents per minute, these calls also are wrongfully counted against Demmick's shared monthly allotment of 3,000 minutes. This results in the imposition of wrongful additional charges for airtime exceeding the shared monthly allotment with regard to the "In-Network" calling that the contract obligates the Defendants to provide at no additional charge.

6

19.   In or about February 2004, Barth contracted with Defendants for a wireless telephone service "Family Share Plan" ("Plan") which included a "bucket" of 1,600 general minutes that were to be shared among one primary phone and two secondary phones, for a flat monthly charge of $99.99 plus $20.00 per month for each of the two secondary phones.  The Plan also included certain features and promotions such as "unlimited shared night and weekend minutes" and "In-Network calling." "In-Network" calling allows each of the phones to make unlimited calls to other Verizon "In-Network calling" customers.

20.   Pursuant to Barth's contract with Defendants, an "additional per minute charge" was to apply for "additional minutes" used over the shared 1,600-minute allotment.  The additional per minute charge for Barth's primary phone was $0.25 per minute.  For each of Barth's secondary phones, the additional per minute charge was $0.45 per minute.

21.   Barth receives a monthly bill from Defendants detailing his wireless telephone charges.  A true and correct copy of Barth's monthly billing statement for January 2006 is attached hereto as Exhibit B.

22.   Each bill contains a "Service Profile" for each of Barth's three phone accounts.  Each Service Profile contains the "additional per minute charge."  The Service Profile for the primary account (ending in 7830) states: "Additional per minute charge $.25 peak, $.25 off-peak." The Service Profile for each

7

of the secondary accounts states: "Additional per minute charge $.45 peak, $.45 off-peak."

23.  As alleged in ¶¶ 12 through 17 above, Defendants' undisclosed practice and policy apparently is to apply all additional minutes only to the secondary accounts and thereby to charge the more expensive additional per minute charge of $0.45 per minute, regardless of which phone actually is used to incur the additional minutes.

24.  As a result of Defendants' improper usage-accounting and billing practices, Plaintiffs have been assessed additional per minute charges in excess of what they should have been charged and have been damaged thereby.

## CLASS ACTION ALLEGATIONS

25.  Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The class that Plaintiffs seek to represent is defined as follows: All residents of the United States of America who used wireless telephone service provided by Defendants between May 11, 2002 and May 10, 2006, (a) were under a Family Share Plan covering two or more phones with different "additional per minute charge" rates, and were assessed additional per minute charges for calls at a rate higher than the contractual rate for the phone on which said calls actually were made, or (b) were charged for "In-Network" calls despite having a plan that offered unlimited "In-Network" calling ("Class").

8

26.   Plaintiffs also have identified and define the following subclasses which Plaintiffs seek to represent:

SUBCLASS NO. 1: All residents of the State of New Jersey who used wireless telephone service provided by Defendants between May 11, 2002 and May 10, 2006 and were under a Family Share Plan covering two or more phones with different "additional per minute charge" rates and were assessed additional per minute charges for calls at a rate higher than the contractual rate for the phone on which said calls actually were made ("New Jersey Subclass");

SUBCLASS NO. 2: All residents of the State of Maryland who used wireless telephone service provided by Defendants between May 11, 2002 and May 10, 2006 and (a) were under a Family Share Plan covering two or more phones with different "additional per minute charge" rates and were assessed additional per minute charges for calls at a rate higher than the contractual rate for the phone on which said calls actually were made, or (b) were charged for "In-Network" calls despite having a plan that offered unlimited "In-Network" calling ("Maryland Subclass").

27.   This action is brought and properly may be maintained as a class action pursuant to Fed.R.Civ.P. 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3), and satisfies the requirements thereof.  As used herein, the term "class members" shall mean and refer to the members of the Class and/or the Subclasses.

28.   While the exact number of members of the Class and the Subclasses is unknown to Plaintiffs at this time and can only

be determined by appropriate discovery, membership in the Class and/or the Subclasses is ascertainable based upon the billing records maintained by Defendants.  At this time, Plaintiffs are informed and believe that the Class and the Subclasses each likely includes thousands of members.  Therefore, both the Class and the Subclasses are sufficiently numerous that joinder of all members of the Class and/or the Subclasses in a single action is impracticable under Fed.R.Civ.P. 23(a)(1), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

29.  Common questions of law and fact exist as to the members of the Class and the members of the Subclasses, as required by Fed.R.Civ.P. 23(a)(2), and predominate over any questions which affect only individual members of the Class or the Subclasses within the meaning of Fed.R.Civ.P. 23(b)(3).

30.  The questions of fact that are common to the members of the Class and the Subclasses include, but are not limited to, the following:

A.  whether Defendants have engaged in illegal and unfair billing practices;

B.  whether Defendants fully and adequately disclosed their billing practices to class members;

C.  whether Defendants' illegal and unfair billing practices have resulted in class members' being assessed excessive additional per minute charges; and

10

D.   whether class members have sustained damages as a result of Defendants' illegal and unfair billing practices and, if so, the proper measure and appropriate formula to be applied in determining such damages.

31.   The questions of law that are common to the members of the Class and the Subclasses include, but are not limited to, the following:

A.   whether Defendants' billing practices and/or Defendants' failure to make full and adequate disclosures to their customers concerning their billing practices violate § 201(b) of the Federal Communications Act;

B.   whether the class members are entitled to the declaratory relief sought herein;

C.   whether Defendants' billing practices and/or Defendants' failure to make full and adequate disclosures to their customers concerning their billing practices constitute a breach of the class members' contractual agreements with Defendants;

D.   whether Defendants' billing practices and/or Defendants' failure to make full and adequate disclosures to their customers concerning their billing practices violate the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq.; and

E.   as to the Maryland Subclass only, whether Defendants' billing practices and/or Defendants' failure to make full and adequate disclosures to their customers concerning their

billing practices violate the Maryland Consumer Protection Act, Md. Code. Ann Comm. Law § 13-301 *et seq.*

32.  Plaintiffs' claims are typical of the claims of the other members of the Class and the Subclasses under Fed.R.Civ.P. 23(a)(3) because Plaintiffs, each member of the Class and each member of the Subclasses, respectively, have been subjected to the same billing practices and have been damaged in the same manner thereby.

33.  Plaintiffs will fairly and adequately represent and protect the interests of the Class and the Subclasses as required by Fed.R.Civ.P. 23(a)(4).  Plaintiffs are adequate representatives of the Class and the Subclasses, in that they have no interests which are adverse to the interests of the members of the Class or the Subclasses.  Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel who are competent and experienced in handling class action litigation on behalf of consumers.

34. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action under Fed.R.Civ.P. 23(b)(3) since:

A.   the expense and burden of individual litigation make it economically unfeasible for class members to seek redress other than through the procedure of a class action;

B.   if separate actions were brought by individual class members, the resulting duplicity of lawsuits

would cause undue hardship and expense to the Court and the litigants by necessitating multiple trials of similar factual issues; and

C.   absent a class action, Defendants likely would retain the benefits of their wrongdoing, and there would be a failure of justice.

35.  In the alternative, this action is certifiable under Fed.R.Civ.P. 23(b)(1) and/or 23(b)(2) because:

A.   the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendants;

B.   the prosecution of separate actions by individual class members would create a risk of adjudications as to them which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

C.   Defendants have acted or refused to act on grounds generally applicable to the Class and/or the Subclasses, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class and/or the Subclasses as a whole and necessitating that any such relief

be extended to the class members on a mandatory, class-wide basis.

36.   Plaintiffs are aware of no difficulty likely to be encountered in the management of this litigation that would preclude its maintenance as a class action.

37.   The names and addresses of the members of the Class and the Subclasses are available from Defendants' records. Notice can be provided to the members of the Class and the Subclasses via first class mail or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under federal law and New Jersey law. Specifically, notice can be provided to the members of the Class and the Subclasses who are current customers of Defendants by including a notice in the monthly wireless telephone bills sent to Defendants' customers, with the minimal cost of such notice to be borne by Defendants.

<u>**COUNT ONE**</u>

**(Violation of the Federal Communications Act, 47 U.S.C. § 201)**

38.   Plaintiffs repeat and reallege each allegation of paragraphs 1 through 37 as if fully set forth herein.

39.   Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class, New Jersey Subclass and Maryland Subclass.

40.   Defendants are common carriers engaged in interstate wireless communication for the purpose of furnishing

14

communication services within the meaning of § 201(a) of the Federal Communications Act ("FCA").

41.   Defendants' billing practices and/or their failure to fully and adequately disclose such billing practices to their customers constitute(s) unjust and unreasonable charges and/or practices in connection with communication services, and therefore violate § 201(b) of the FCA.

42.   As a direct and proximate result of Defendants' violation of § 201(b) of the FCA, Plaintiffs and each member of the Class, New Jersey Subclass and Maryland Subclass have been damaged in an amount to be determined at trial.

<u>**COUNT TWO**</u>

**(Declaratory Relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.)**

43.   Plaintiffs repeat and reallege each allegation of paragraphs 1 through 42 as if fully set forth herein.

44.   Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class, New Jersey Subclass and Maryland Subclass.

45.   An actual controversy has arisen and now exists between Plaintiffs and the members of the Class, New Jersey Subclass and Maryland Subclass, on the one hand, and Defendants, on the other hand, concerning their respective rights and duties in that Plaintiffs and the members of the Class and the Subclasses contend that Defendants are engaging in and continue to engage in improper and unlawful billing practices and/or are

15

failing to fully and adequately disclose such billing practices to their customers, while Defendants contend that their actions and conduct are lawful and proper.

46.   A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that Plaintiffs, the members of the Class and the Subclasses and Defendants may ascertain their respective rights and duties with respect to Defendants' billing practices.

**COUNT THREE**

**(Breach of Written Contract)**

47.   Plaintiffs repeat and reallege each allegation of paragraphs 1 through 46 as if fully set forth herein.

48.   Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class, New Jersey Subclass and Maryland Subclass.

49.   Plaintiff Demmick and Defendants entered into a written contract under which Defendants agreed to provide Plaintiff Demmick with wireless telephone service according to a Family Share service plan with a monthly flat fee of $149.99, plus $20.00 for each additional phone account.  The Plan included 3,000 monthly minutes to be shared among a primary phone and three secondary phones with an additional per minute charge of $0.25 per minute for the primary phone and $0.45 per minute for the secondary phones.  The Plan also included unlimited "In-Network" calling.

50.   Plaintiff Barth and Defendants entered into a written contract under which Defendants agreed to provide Plaintiff Barth with wireless telephone service according to a Family Share service plan with a monthly flat fee of $99.99, plus $20.00 for each additional phone account.  The Plan included 1,600 monthly minutes to be shared among a primary phone and three secondary phones with an additional per minute charge of $0.25 per minute for the primary phone and $0.45 per minute for the secondary phones.

51.   Plaintiffs and each member of the Class and the Subclasses are parties to written contracts ("wireless telephone service agreements") with Defendants which are uniform with respect to the provisions applicable to the claims asserted against Defendants.

52.   Plaintiffs and each member of the Class and the Subclasses have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the wireless telephone service agreements, except to the extent such performance was excused, released or waived by the actions, conduct or agreement of Defendants.

53.   Defendants breached their contractual obligations under the wireless telephone service agreements with Plaintiffs and each member of the Class and the Subclasses by engaging in the improper billing practices alleged herein and/or by failing

17

to fully and adequately disclose such billing practices to their customers.

54.  As a direct and proximate result of Defendants' breach of the wireless telephone service agreements, Plaintiffs and each member of the Class and Subclasses have been damaged in an amount to be determined at trial.

## COUNT FOUR

### (Fraud)

55.  Plaintiffs repeat and reallege each allegation of paragraphs 1 through 54 as if fully set forth herein.

56.  Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class, New Jersey Subclass and Maryland Subclass.  By the conduct alleged herein, Defendants intentionally made false representations of fact and/or failed to disclose known material facts to Plaintiffs and the other members of the Class, New Jersey Subclass and Maryland Subclass concerning Defendants' billing practices.

57.  At the time Defendants made these affirmative misrepresentations and/or failed to disclose these material facts, they knew and intended that they would not bill Plaintiffs and the other members of the Class, New Jersey Subclass and Maryland Subclass in accordance with their representations. Instead, Defendants knew, but failed to disclose, that they would allocate all additional call usage to the secondary phones and bill those calls at a higher additional per minute charge,

18

regardless of the phone on which the additional minutes actually were incurred.

58.   Plaintiffs and the other members of the Class, New Jersey Subclass and Maryland Subclass reasonably relied on Defendants' misrepresentations to their detriment and/or were ignorant of the material facts which Defendants failed to disclose to them.

59.   At the time Defendants made these affirmative misrepresentations and/or failed to disclose these material facts, Defendants further knew, but failed to disclose, that they would count "In-Network" calling against the monthly "bucket" of minutes in order to charge Plaintiff Demmick and other members of the Class and the Maryland Subclass for "In-Network" calling, despite having represented to Plaintiff Demmick and other members of the Class and the Maryland Subclass that "In-Network" calling would be unlimited at no extra charge.

60.   Plaintiff Demmick and the other members of the Class and the Maryland Subclass reasonably relied on Defendants' misrepresentations to their detriment and/or were ignorant of the material facts which Defendants failed to disclose to them.

61.   As a result of their reasonable reliance on Defendants' misrepresentations and/or their ignorance of the material facts which Defendants failed to disclose to them, Plaintiffs and the other members of the Class, New Jersey Subclass and Maryland Subclass have suffered substantial damage and injury.

19

62.  Defendants' conduct was wanton, willful, malicious and accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by that conduct.

## COUNT FIVE

### (Violation of the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1, et seq.)

63.  Plaintiffs repeat and reallege each allegation of paragraphs 1 through 62 as if fully set forth herein.

64.  Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class, New Jersey Subclass and Maryland Subclass pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1, et seq. ("the Act").  Plaintiffs and all other members of the Class, New Jersey Subclass and Maryland Subclass purchased wireless telephone services from Defendants and thereby suffered ascertainable losses of money as a result of the use and employment by Defendants, within the State of New Jersey, of methods, acts and practices prohibited by the Act.

65.  The conduct of Defendants in (1) representing that a lower additional per minute charge ($0.25 per minute) would apply to calls made by a primary phone under a Family Share Plan, and then instead allocating additional call minutes made by the primary phone to the secondary phone accounts and billing for those calls at a higher additional per minute charge ($0.45 per minute), and in (2) failing to disclose these improper billing practices as aforesaid, constitutes an unconscionable commercial practice, deception, fraud, false pretense, false promise,

misrepresentation and the knowing concealment, suppression and omission of a material fact with intent that others rely thereupon, prohibited by and in contravention of N.J.S.A. § 56:8-2.

66.   The conduct of Defendants in representing that Plaintiff Demmick would have unlimited "In-Network" calling and then instead charging for "In-Network" calls, both directly and by counting those calls against the monthly "bucket" of shared plan minutes to which Plaintiff Demmick and the other members of the Class and the Maryland Subclass were entitled, and in failing to disclose these improper billing practices as aforesaid, constitutes an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation and the knowing concealment, suppression and omission of a material fact with intent that others rely thereupon, prohibited by and in contravention of N.J.S.A. § 56:8-2.

67.   Defendants' unconscionable and prohibited practices caused Plaintiffs and the other members of the Class, New Jersey Subclass and Maryland Subclass to suffer damages, thereby entitling them to bring this action pursuant to N.J.S.A. § 56:8-19.

68.   Defendants' conduct was wanton, willful, malicious and accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by that conduct.

## COUNT SIX

**(Violation of the Maryland Consumer Protection Act,
Md. Code Ann. Comm. Law § 13-301 et seq.)**

69.   Plaintiff Demmick repeats and realleges each allegation of paragraphs 1 through 68 as if fully set forth herein.

70.   Plaintiff Demmick brings this claim for relief on behalf of himself and the members of the Maryland Subclass pursuant to the Maryland Consumer Protection Act, Md. Ann. Comm. Code §13-101, et seq. ("the Maryland Act").  Plaintiff Demmick and all other members of the Maryland Subclass purchased wireless telephone services from Defendants and thereby suffered ascertainable losses of money as a result of the use and employment by Defendants, within the State of Maryland, of methods, acts and practices prohibited by the Maryland Act.

71.   Plaintiff Demmick and the members of the Maryland Subclass are "Consumers" as defined by § 13-101 (c) of the Maryland Act, and have standing to bring this claim under § 13-408(a) of the Maryland Act.

72.   Defendants are "Persons" as defined by § 13-101 (h) of the Maryland Act.

73.   The conduct of Defendants in (1) representing that a lower additional per minute charge ($0.25 per minute) would apply to calls made by a primary phone under a Family Share Plan, and then instead allocating additional call minutes made by the primary phone to the secondary phone accounts and billing for

22

those calls at a higher additional per minute charge ($0.45 per minute), in (2) representing that Plaintiff Demmick and the other members of the Maryland Subclass would have unlimited "In-Network" calling, and then instead charging for "In-Network" calls, both directly and by counting those calls against the monthly "bucket" of shared plan minutes to which Plaintiff Demmick and the other members of the Maryland Subclass were entitled; and in (3) failing to disclose these improper billing practices as alleged herein, constitutes an unfair or deceptive trade practice, prohibited by and in contravention of §§ 13-301 and 13-303 of the Maryland Act.

74. Defendants' unfair and deceptive trade practices caused Plaintiff Demmick and the other members of the Maryland Subclass to suffer damages, and thereby entitle them to bring this action against Defendants for damages and reasonable attorney's fees and costs pursuant to § 13-408(b) of the Maryland Act.

75. Defendants' conduct was wanton, willful, malicious and accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by that conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs (as to Counts One through Five) and Plaintiff Demmick (as to Count Six) pray for judgment against Defendants, jointly and severally, as follows:

**On Count One**

For compensatory damages;

For prejudgment interest commencing on the date of collection of the excessive additional per minute charges and continuing through the date of entry of judgment in this action; and

For reasonable attorneys' fees pursuant to 47 U.S.C. § 206.

**On Count Two**

Declaring that Defendants' billing practices as alleged herein are unjust, unreasonable and unlawful.

**On Count Three**

For compensatory damages; and

For prejudgment interest commencing on the date of collection of the excessive additional per minute charges and continuing through the date of entry of judgment in this action.

**On Count Four**

For compensatory damages;

For punitive damages; and

For prejudgment interest commencing on the date of collection of the excessive additional per minute charges and continuing through the date of entry of judgment in this action.

### On Count Five

For threefold the damages sustained by Plaintiffs and the other members of the Class and the Subclasses as a result of the practices, policies and acts complained of herein;

For punitive damages;

For prejudgment interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action; and

For reasonable attorneys' fees, filing fees and reasonable costs of suit pursuant to N.J.S.A. § 56:8-19.

### On Count Six

For compensatory damages;

For punitive damages;

For prejudgment interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action; and

For reasonable attorneys' fees pursuant to Md. Code Ann. Com. Law § 13-408(b).

### On All Counts

For all attorneys' fees, expenses and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

25

For such other and further relief as the Court deems just and proper.

Dated:   March 27, 2008

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP


By:   s/Stephen L. Dreyfuss
      STEPHEN L. DREYFUSS
      A Member of the Firm

                and

Robert A. Curtis, Esq.
FOLEY BEZEK BEHLE & CURTIS, LLP
15 West Carrillo Street
Santa Barbara, California 93101
Tel: (805) 962-9495
Fax: (805) 962-0072

                and

J. Paul Gignac, Esq.
ARIAS, OZZELLO & GIGNAC, LLP
4050 Calle Real, Suite 130
Santa Barbara, California 93110
Tel: (805) 683-7400
Fax: (805) 683-7401

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable.


Dated:   March 27, 2008

                    HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP


                    By:___ s/Stephen L. Dreyfuss_____
                          STEPHEN L. DREYFUSS
                          A Member of the Firm

                              and

                    Robert A. Curtis, Esq.
                    FOLEY BEZEK BEHLE & CURTIS, LLP
                    15 West Carrillo Street
                    Santa Barbara, California 93101
                    Tel: (805) 962-9495
                    Fax: (805) 962-0072

                              and

                    J. Paul Gignac, Esq.
                    ARIAS, OZZELLO & GIGNAC, LLP
                    4050 Calle Real, Suite 130
                    Santa Barbara, California 93110
                    Tel: (805) 683-7400
                    Fax: (805) 683-7401

                    Attorneys for Plaintiffs