**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH DEMMICK, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP, et al.<br><br>                    Defendants. | **ORDER**<br><br>Civil Action No.: 06-2163 (JLL) |

Currently before this Court is Plaintiffs' motion for class certification.  For the reasons set forth in this Court's corresponding Opinion,

It is on this _8th_ day of September, 2010,

**ORDERED** that Plaintiffs' motion for class certification (CM/ECF No. 95) is GRANTED in part and DENIED in part; and it is further

**ORDERED** that the requirements for class certification, pursuant to Rules 23(a) and 23(b)(3) have been met for the Overage Minutes Class for the following causes of action:

1.  the FCA and DJA claims on behalf of a national class;
2.  the New Jersey breach of contract claim on behalf of the New Jersey subclass; and
3.  the Maryland breach of contract claim on behalf of the Maryland subclass.

The following class definitions apply for the national class and each subclass, respectively:

1.  All residents of the United States of America who used wireless telephone service provided by Defendant between May 11, 2002 and May 10, 2006 under a Family Share Plan covering two or more persons with different additional minute rates for minutes after the shared plan allowance, were billed under the VISION or I2K billing

systems, and were assessed additional minute charges at a rate higher than the rate associated with the phone used to make or receive the calls after the allowance minutes were exhausted, calculated on a real time basis;

2.      All residents of the state of New Jersey who used wireless telephone service provided by Defendant between May 11, 2002 and May 10, 2006 under a Family Share Plan covering two or more persons with different additional minute rates for minutes after the shared plan allowance, were billed under the VISION or I2K billing systems, and were assessed additional minute charges at a rate higher than the rate associated with the phone used to make or receive the calls after the allowance minutes were exhausted, calculated on a real time basis;

3.      All residents of the state of Maryland who used wireless telephone service provided by Defendant between May 11, 2002 and May 10, 2006 under a Family Share Plan covering two or more persons with different additional minute rates for minutes after the shared plan allowance, were billed under the VISION or I2K billing systems, and were assessed additional minute charges at a rate higher than the rate associated with the phone used to make or receive the calls after the allowance minutes were exhausted, calculated on a real time basis.

The requirements for certification have not been met for Plaintiffs' common law fraud, NJCFA, and Maryland CPA claims for the Overage Minutes Class; and it is further

**ORDERED** that the requirements for class certification, pursuant to Rules 23(a) and 23(b)(3) have been met for the In-Network/In-Family Class for the following causes of action:.

1.      the FCA and DJA claims on behalf of a national class;
2.      the Maryland breach of contract claim on behalf of the Maryland subclass; and
3.      the Maryland CPA claim on behalf of the Maryland subclass.

The following class definitions apply for the national class and the Maryland subclass, respectively:

1.      All residents of the United States of America who used wireless telephone service provided by Defendant between May 11, 2002 and May 10, 2006 under a Family Share Plan that offered unlimited, free 'In-Network' and/or 'In-Family' calling, were billed under the VISION or I2K billing system, were charged for 'In-Network' and/or

'In-Family' calls, and who were not reimbursed for such calls prior to May 11, 2006;

2.     All residents of the state of Maryland who used wireless telephone service provided by Defendant between May 11, 2002 and May 10, 2006 under a Family Share Plan that offered unlimited, free 'In-Network' and/or 'In-Family' calling, were billed under the VISION or I2K billing system, were charged for 'In-Network' and/or 'In-Family' calls, and who were not reimbursed for such calls prior to May 11, 2006.

The requirements for certification have not been met for Plaintiffs' common law fraud claim for the In-Network/In-Family Class; and it is further

**ORDERED** that the named plaintiffs Ralph Demmick and Donald Barth are hereby appointed as representatives of both national classes. Mr. Barth is appointed as the representative of the New Jersey subclass of the Overage Minutes Class. Mr. Demmick is appointed as the representative of the Maryland subclass of the Overage Minutes Class and the Maryland subclass of the In-Network/In-Family Class; and it is further

**ORDERED** that the following are hereby appointed as class counsel:

1.     Stephen L. Dreyfuss, Esq. of the firm of Hellring Lindeman Goldsteing & Siegal LLP;
2.     Peter J. Bezek, Esq. and Robert A. Curtis, Esq. of the firm of Foley Bezek Behle & Curtis, LLP; and
3.     J. Paul Gignac, Esq. of the firm of Arias Ozzello & Gignac LLP, as class counsel;

and it is further

**ORDERED** that Notice shall be disseminated to the class in accordance with the Notice Plan to be submitted for this Court's approval.

Jose L. Linares,
United States District Judge