### UNITED STATES DISTRICT COURT
**District of New Jersey**

<table>
<tr><td>CHAMBERS OF<br>**JOSE L. LINARES**<br>JUDGE</td><td>MARTIN LUTHER KING JR.<br>FEDERAL BUILDING & U.S. COURTHOUSE<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042</td></tr>
</table>

**NOT FOR PUBLICATION**                                    June 20, 2011

Stephen L. Dreyfuss
Hellring Lindeman Goldstein & Siegal LLP
One Gateway Center
Newark, NJ 07102

Heather V. Taylor
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

### LETTER OPINION

**Re:    Ralph Demmick, et al. v. Cellco Partnership**
        **Civil Action No. 06-2163 (JLL)**

Dear Counsel:

This matter comes before the Court by way of Plaintiffs' motion for reconsideration of this Court's March 29, 2011 Opinion and Order denying Defendant's motion for judgment on the pleadings. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons that follow, Plaintiffs' motion is denied.

### BACKGROUND AND STANDARD

As the Court writes only for the parties, a familiarity with the underlying factual and procedural background of this case will be assumed and will not be repeated here except where necessary to provide proper context for the pending motion. By way of Opinion and Order dated March 29, 2011, the Court denied Defendant's motion for judgment on the pleadings but stayed this case under the doctrine of primary jurisdiction, referring Plaintiffs' federal claims to the Federal Communications Commission ("FCC").

1

Plaintiffs have now filed a motion for reconsideration. "Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.' " See L.Civ.R. 7.1(I) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A party seeking reconsideration shall file and serve its motion within fourteen days after the entry of the order on the original motion. L. Civ. R. 7.1(I). A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

## DISCUSSION

In support of their motion for reconsideration, Plaintiffs make two arguments. First, Plaintiffs argue that they were not afforded an adequate opportunity to brief the issue of primary jurisdiction. Plaintiffs then argue that the Court improperly stayed this action under that doctrine because the determination of "unjust or unreasonable" practices under 47 U.S.C. § 201(b) falls within the conventional expertise of judges.

Plaintiffs' first argument is without merit. Plaintiffs argue that they had "no occasion" to address the issue of primary jurisdiction because it was initially raised in a footnote to Defendant's opening brief. (Pls.' Br. in Supp. of Mot. for Recons. at 2.) Plaintiffs, however, concede that the Court "could consider the primary jurisdiction doctrine without a motion by either party." (Id.) Furthermore, Plaintiffs' brief in opposition to Defendants' motion for judgment on the pleadings devoted four pages to arguing that their federal claims fall within the conventional expertise of judges, arguing that Alves v. Verizon, No. 08-3196, 2010 WL 2989988 (D.N.J. July 27, 2010), is distinguishable on this ground. (See Pls.' Br. in Opp'n to J. on the Pleadings at 9–13.) Indeed, Plaintiffs suggested that rather than dismissing their federal claims, the Court should stay the action and refer the matter to the FCC. (Id. at 24–25.) This is precisely the action taken in the Court's March 29, 2011 Order. Plaintiffs thus had ample opportunity to brief the issue raised in Defendant's opening brief.

Plaintiffs' second argument, essentially that the Court's decision was incorrect, must likewise fail. Plaintiffs substantially reassert the arguments made in their initial opposition brief—that their federal claims fall within the conventional expertise of judges and thus do not warrant referral based on primary jurisdiction. The Court has already considered these arguments, and Plaintiffs point to no legal authority or factual matters that the Court overlooked. Indeed, the Court notes that primary jurisdiction doctrine may be applicable even if the questions raised in a case are within the ordinary experience of the judiciary. See MCI Communications Corp. v. American Tel. & Tel. Co., 496 F.2d 214, 223 (3d Cir. 1974).

Plaintiffs go on to argue that other factors of the primary jurisdiction inquiry have not been met here. The Court has considered these arguments and finds that they do not raise any issues that the Court did not consider in connection with Defendants' motion for judgment on the pleadings. As in their opposition brief, Plaintiffs again point to <u>In re NOS Communications, Inc.,</u> 16 F.C.C.R. 8133 (2001), to argue that the FCC has already ruled Defendants' practices to be "unjust or unreasonable" under § 201(b). However, as the Court did not discuss this ruling in its March 29 Opinion, the Court will briefly consider it here.

In <u>NOS Communications,</u> the FCC found that two long distance service resellers had engaged in unjust and unreasonable practices under § 201(b) "by failing to disclose clearly and conspicuously material facts regarding their promotional plan offerings and pricing methodology." 16 F.C.C.R. at 8133. Specifically, the FCC assessed the complexity of the reseller's rate calculations and the clarity with which billing policies were disclosed in promotional materials. <u>Id.</u> at 8136–8141. The FCC described in detail the particularly complicated billing scheme adopted by the resellers, as disclosed in a "rate sheet" faxed to prospective customers, <u>id.</u> at 8137, and assessed the adequacy with which certain provisions within those disclosures alerted potential customers to the short-term, promotional nature of the advertised rates, <u>id.</u> at 8139. In finding that those disclosures "lack[ed] clarity and understandability," the FCC ruled that the resellers' marketing practices violated § 201(b). <u>Id.</u> at 8139–40.

Unlike <u>NOS Communications,</u> Plaintiffs' claims here do not concern the announcement of promotional rates and do not rest on the "clarity and understandability" of the materials provided by the company. As this Court and the parties have repeatedly recognized, Plaintiffs allege that Defendants have an <u>undisclosed</u> billing policy with respect to its Family Share and In-Network/In-Family plans that contradicts the terms of their respective service agreements. Whether this sort of contradiction violates federal law as an unreasonable practice under § 201(b)—and not simply, for example, state law contract law—is a policy matter that was not addressed in <u>NOS Communications</u> or, apparently, any other ruling under the statute. <u>See, e.g.,</u> <u>In re Truth-in-Billing and Billing Format,</u> 20 F.C.C.R. 6448, 6476–77 (2005) (soliciting public comment on proposed rules regarding disclosures by carriers at the point of sale). It was thus appropriate for this Court to refer the matter to the body charged with making such policy determinations, the FCC.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied. An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

3