Stephen L. Dreyfuss, Esq.
Matthew E. Moloshok, Esq.
HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
One Gateway Center
Newark, New Jersey 07102-5386
Telephone: (973) 621-9020
Facsimile: (973) 621-7406

Court-Appointed Class Counsel

[Additional Class Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH DEMMICK, on behalf of himself and all others similarly situated; DONALD BARTH, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP, a Delaware General Partnership doing business as Verizon Wireless; and DOES 1 through 10,<br><br>Defendant. | Civ. Act. No. 06-2163 (JLL)<br><br>Honorable José L. Linares<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND APPROVING CLASS NOTICE PLAN** |

WHEREAS, plaintiffs Ralph Demmick and Donald Barth, individually and in their representative capacities ("Plaintiffs" or "Class Representatives"), and Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless," and, collectively with Plaintiffs, the "Parties") have reached a proposed Settlement of the above-captioned Action, which is embodied in the Settlement Agreement filed with the Court; and

WHEREAS, the Parties have applied to the Court for preliminary approval of the proposed Settlement of the Action, the terms and conditions of which are set forth in the Settlement Agreement;

NOW, THEREFORE, the Court having read and considered the Stipulation and Settlement Agreement and accompanying exhibits and the Motion for Preliminary Settlement Approval, and the Parties to the Settlement Agreement having consented to the entry of this Order, it is hereby ORDERED THAT:

1. The capitalized terms used in this Order Granting Preliminary Approval of Proposed Settlement have the same meaning as defined in the Settlement Agreement.

2. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court determines that the Settlement falls within the range of possible final approval and merits submission to the Settlement Class Members

for their consideration, and therefore preliminarily approves the Settlement as fair, reasonable and adequate to the Settlement Classes.

3. For settlement purposes only, the Court certifies the Settlement Classes, which are defined as follows:

a. "FSP Settlement Class" means all residents of the United States of America as of the date of entry of this Preliminary Approval Order who, between May 11, 2002 and May 10, 2006, were Verizon Wireless customers subscribing to a Family SharePlan covering two or more persons with different per minute rates for minutes used after the shared plan allowance was exhausted ("after-allowance minutes"), and who were billed under the VISION or I2K billing system and were assessed charges for after-allowance minutes at a rate higher than the rate associated with the phone used to make or receive the calls after the allowance minutes were exhausted, calculated on a real time basis.

b. "In-Network Settlement Class" means all residents of the United States of America as of the date of entry of this Preliminary Approval Order who, between May 11, 2002 and May 10, 2006, were Verizon Wireless customers subscribing to a Family SharePlan that offered unlimited, free "In-Network" and/or "In-Family" calling, and who were billed under the VISION or I2K billing system and were charged for "In-Network" and/or "In-Family" calling.

4.  The Court preliminarily finds that: (a) the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure appear to be satisfied for the Class Representatives and the Settlement Classes; (b) in accordance with Federal Rule of Civil Procedure 23(b), common issues of fact and law appear to predominate; and (c) also in accordance with Rule 23(b), certification of the Settlement Classes is superior to any other available methods of adjudication.

5.  The Court has previously appointed the law firms of Hellring Lindeman Goldstein & Siegal LLP; Foley Bezek Behle & Curtis, LLP; and Arias Ozzello & Gignac, LLP as Class Counsel. The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Federal Rule of Civil Procedure 23.

6.  A Final Approval Hearing shall be held before this Court at **10:00 a.m.** on **March 30, 2015**, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate so that the Final Approval Order and Judgment should be entered; (b) whether Class Counsel's Application for an Award of Attorneys' Fees and Expenses ("Fee and Expense Application") should be granted; (c) whether the Class Representatives' Application for Incentive Awards ("Incentive Award Application") should be granted; and (d) whether the

Plan of Allocation and Distribution submitted by Class Counsel should be approved. Consideration of the Fee and Expense Application, Incentive Award Application, and Plan of Allocation and Distribution shall be separate from consideration of whether the proposed Settlement should be approved, and the Court's rulings on each motion or application shall be embodied in a separate order.

7. The Class Representatives shall file their motion for final settlement approval on or before **January 23, 2015**.

8. With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement, all proceedings are stayed in this Action and all Settlement Class Members are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims released under the Settlement Agreement, unless the Settlement Class Member timely files a valid Request for Exclusion as defined as the Settlement Agreement.

9. The Court appoints Kurtzman Carson Consultants LLC as the Settlement Administrator in this Action. In accordance with the Parties' Settlement Agreement and the Orders of this Court, the Settlement Administrator shall effectuate the provision of Notice to the Settlement Classes and shall administer the Settlement claims and distribution process.

10. The Court approves, as to form and content, the Mail Notice, the long-form Publication Notice, the short-form Publication Notice, and the Internet Notice, substantially in the forms attached as Exhibits D, E, F, and H to the Settlement Agreement.

 a. Within sixty (60) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator will provide Mail Notice via email to all Settlement Class Members on the Email List that will be prepared by Verizon Wireless and provided to the Settlement Administrator within thirty (30) days of the Court's entry of this Preliminary Approval Order. Two emails will be sent to each Settlement Class Member on the Email List within the sixty-day period following entry of the Preliminary Approval Order. Such notice shall be substantially in the form attached to the Settlement Agreement as Exhibit D.

 b. Within sixty (60) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator will provide Mail Notice via a single postcard to all Settlement Class Members who are on the Physical Address List that will be prepared by Verizon Wireless and provided to the Settlement Administrator within thirty (30) days of the Court's entry of this Preliminary Approval Order. Such notice shall be substantially in the form attached to the Settlement Agreement as Exhibit D.

   c. Within sixty (60) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall cause the short-form Publication Notice to be published twice as a half-page in *People*. The short-form Publication Notice shall be substantially in the form attached to the Settlement Agreement as Exhibit E.

   d. Within thirty (30) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall cause the long-form Publication Notice to be published on a website created and maintained by the Settlement Administrator. The long-form Publication Notice shall be substantially in the form attached to the Settlement Agreement as Exhibit F.

   e. Within sixty (60) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall purchase 91 million unique internet banner notices targeted to adults 18 years of age or older who own a cellular telephone. The banner notices will be purchased through Xaxis Premium Network and the social media site Facebook. Both the Xaxis Premium Network notices and Facebook notices (together, "Internet Notice") will include an embedded link to the case website. The Internet Notice shall be substantially in the form attached to the Settlement Agreement as Exhibit H.

f.    Not later than sixty five (65) days following the entry of this Preliminary Approval Order, the Settlement Administrator shall file with the Court declarations attesting to compliance with this paragraph 10.

11.    The Court finds that the Parties' plan for providing Notice to the Settlement Classes as described in Article V of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina M. Intrepido-Bowden: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

12.    The Court further finds that the Parties' plan for providing Notice to the Settlement Classes, as described in Article V of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina M. Intrepido-Bowden, will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as not to be bound by the Settlement Agreement. Any member of the Settlement Classes who desires to be excluded from the Settlement Classes, and therefore not bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator,

pursuant to the instructions set forth in the Notice, a timely and valid written Request for Exclusion, submitted online or postmarked by **February 27, 2015**. To be valid, a Request for Exclusion must be timely and must include the Settlement Class Member's name, address, and telephone number and the mobile telephone number through which the Settlement Class Member receives or received service from Verizon Wireless. Not later than **March 4, 2015**, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and Verizon Wireless's Counsel, a report stating the total number of persons that have submitted timely and valid Requests for Exclusion.

13. Any member of the Settlement Classes who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

14. Any Settlement Class Member who does not submit a valid and timely Request for Exclusion may object to the Settlement Agreement, Class Counsel's Fee and Expense Application, the Incentive Award Application, or the Plan of Allocation and Distribution. Any Settlement Class Member who wishes to object must file with the Court and serve on all counsel listed in paragraph 16 below, no later than **February 27, 2015**, a detailed statement of the specific objections being made and the basis for those objections. In addition to the

9

statement, the objecting Settlement Class Member must include the objecting Settlement Class Member's name, address, and telephone number and the mobile telephone number through which the objecting Settlement Class Member received or receives Verizon Wireless service. Any objecting Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member who intends to appear at the Final Approval Hearing either in person or through counsel must file with the Court and serve on all counsel listed in paragraph 16 below, no later than **March 13, 2015**, a written notice of intention to appear. Failure to file a notice of intention to appear will result in the Court declining to hear the objecting Settlement Class Member or the Settlement Class Member's counsel at the Final Approval Hearing.

15. Class Counsel shall file a supplemental brief in support of final settlement approval that responds to any objections on **March 16, 2015**.

16. Service of all papers on counsel for the Parties shall be made as follows: for Class Counsel, to: Robert A. Curtis, Esq. at Foley Bezek Behle & Curtis, LLP, 15 West Carrillo Street, Santa Barbara, California 93101; for Verizon Wireless's Counsel, to Henry Weissmann, Esq. at Munger, Tolles & Olson LLP, 355 South Grand Ave., 35th Floor, Los Angeles, California 90071.

17. Any Settlement Class Member who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and expenses and incentive awards, the Plan of Allocation and Distribution, the Final Approval Order, and the Judgment.

18. In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all Orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy. In such event, the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

19. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by order of the Court.

IT IS SO ORDERED.

Dated: _____    _____
                                                   Honorable José L. Linares
                                                   United States District Judge

Additional Class Counsel:

Peter J. Bezek, Esq. (admitted pro hac vice)
Robert A. Curtis, Esq. (admitted pro hac vice)
FOLEY BEZEK BEHLE & CURTIS, LLP
15 West Carrillo Street
Santa Barbara, California 93101
Telephone: (805) 962-9495
Facsimile: (805) 962-0072

J. Paul Gignac, Esq. (admitted pro hac vice)
ARIAS OZZELLO & GIGNAC LLP
115 S. La Cumbre Lane, Suite 300
Santa Barbara, California 93105
Telephone: (805) 683-7400
Facsimile: (805) 683-7401