February 24, 2015

U. S. District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

Re: Demmick v. Cellco Partnership d/b/a Verizon Wireless
    Case No. 06-2163
    Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Class Action Settlement and request for attorney's fees. I am a class member who is not being represented by counsel, and I do not intend to appear at the Final Approval Hearing.

I adopt and incorporate the objections of other class members, and, in addition, the basis of my objection are four fold: 1) There is no adequate showing that the proposed Settlement bears sufficient relationship to the alleged damages inflicted by Defendant on Plaintiffs; 2) The actions of Class Counsel, including improper request for a protective order, may be indicia of a consciousness of unfairness and collusion; 3) The amount of the proposed attorney fees of up to 30 % of the total award constitute over reaching and represents unjust enrichment, 4) Members of sub-classes are not being adequately represented.

In its Settlement Statement published on the case web site, Class Counsel failed to recite what particular discovery results, what particular proceedings, and what particular procedures led up to the proposed Settlement. Members of the class, including myself, need to be able to look through the file, including discovery, and satisfy themselves that the proposed Settlement is adequate, fair, and an arms length transaction, but this is not possible because there is a protective order in place. Instead, we are offered only empty recitations naming types of discovery that could have been copied from a law school hornbook. If the role of an objector is to have any meaning, it must be coupled with the right to scrutinize the case file and verify the details.

Since I am a member of the class, and therefore a client of Class Counsel, there is legal authority to support my right to access and scrutinize Class Counsel's file. Beside the Rules of Professional Conduct, there is ***In the Matter of Kaleidoscope, Inc.*** 15 B.R. 232 (Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and may not refuse to turn over any portion of client's file, and may not assert work-product

1

privilege against client. And in *Resolution Trust Corp. v. H---, P.C.* 128 F.R.D. 647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

The protective order in place in this case was the result of a joint collaboration between Class Counsel and the Defense, and it raises the specter of collusion. Under Rule 26 (c, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for *good cause*. For good cause to exist under Rule 26 (c, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)* 187 F.3d 1096, 1103 (9th Cir. 1999). Class Counsel and the Defense obtained a protective order, but they avoided the Court's scrutiny that may have benefited members of the class.

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order, Class Counsel may have seen no need to engage in real discovery to determine what the case was worth. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class. Once they discovered what attorney fees were acceptable to the defense, they may have seen no need to discover more.

Rule 23 sets no particular standards for objectors, but it sets high standards, including high ethical standards, for class counsel in class action cases such as this. In *Eubank v. Pella Corp.* (a case decided June 2, 2014) Nos. 13-2091, 13-2133, 13-2136, 13-2162, 13-2202, the Seventh Circuit removed Class Counsel for "demonstrated" lack of integrity in another matter completely independent of the instant case before the Court. And in *Creative Montessori Learning Centers v. Ashford Gear LLC,* 662 F.3rd 913, 918 (7th Cir. 2011) the Court ruled that only slight misconduct by Class Counsel was grounds for removal.

Therefore, I oppose the proposed settlement and demand greater information on how it represents an adequate result for Class. I request that the protective order be either vacated or modified so that class members may determine whether discovery was adequate. I also oppose the amount of attorney fees requested as being way above what might be considered reasonable..

2

I declare, under penalty of perjury, that I am a Verizon customer and have been for at least 15 years with a Family SharePlan with higher rates for after-allowance minutes.

Very truly yours,

*Michael Narkin*

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
Home 541-852-5507, Verizon cell numbers 408-499-8040 & 408-499-9886
mpilot2001@aol.com

cc: Robert A. Curtis, Esq., Foley Bezek Behle & Curtis, LLP

cc: Henry Weissmann, Esq., Munger, Tolles & Olson LLP