OBJECTION TO PROPOSED SETTLEMENT

I, Thomas D. Domonoske, object to the proposed settlement in *Demmick v. Cellco Partnership d/b/a Verizon Wireless*, U.S. District Court for the District of New Jersey, Case No. 06-2163.

1. I affirm under penalty of perjury that the following statements are true and correct and based on my personal knowledge.

2. My address is 461 Lee Avenue, Harrisonburg, Virginia, and my phone number is (540) 442-8616.  My cellphone number for my Verizon Wireless account is (540) 442-8616.

3. I received a postcard notice with Claim #: CDK-10471977101 – 56971 (font difference in original). It stated that the Court will consider whether to approve "attorneys' fees of up to 30% of the $64.2 million settlement fund."

4. I went to www/verizonFSPclassaction.com and reviewed the six page notice.  In Paragraph 19, it similarly states that the attorneys' fees will be sought based on "the $64.2 million settlement fund."

5. Contrary to these statements, the settlement fund is only $36.7 million.

6. The $64.2 million number is actually the total of the settlement fund of $36.7 million and the estimated value of some electronically distributed coupons or certificates for calling units.

7. To learn more about the calling units, I went the Terms and Conditions sheet about the calling units.  It stated that the calling units were being supplied by IDT America Corp., and that these calling units were being provided without any warranties that they were fit for any particular purpose.

8. The notice states that 275 million calling units would be provided, and that each calling unit is estimated to be worth ten cents.

9. To learn how much IDT America's Corp.'s calling units are actually worth, I looked this company on line.  I saw that it distributes prepaid phone cards through Union Telecard Alliance.

10. I then went to Union Telecard Alliance's website to learn how much its calling cards actually cost.  On February 23, 2015, Union Telecard Alliance's advertised calling card rates of a USA calling card at https://www.uniontelecard.com/phonecards/1991/crazy-usa/highlighted-rates/.  Based on the rate sheet, for calls in the United States, a $10.00 calling card would purchase 800 minutes of calls, or 1.25 cents per minute.

11. I also saw that Union Telecard Alliance offers a first time Welcome Bonus of an additional 20% credit when a new consumer purchases a card less than $40.00. https://www.uniontelecard.com/features/.

12. At 1.25 cents per minute, the calling units in the proposed settlement are worth at most $3,437,500, and then only if they are actually used by the class members who are not first time Union Telecard Alliance's purchaser. With the 20% welcome bonus subtracted, the actual rate is 1 cent a minute.

13. I could find no analysis in any of the proposed settlement materials about the expected rate of actual use of the calling units.

14. Because my Verizon cellphone has unlimited nationwide calling, I would expect that I would receive no benefit from the calling units.

15. If I tried to sell the calling units, I would expect that I would have to sell them for less than they could be bought directly from Union Telecard Alliance. Because Union Telecard Alliance offers a first time Welcome Bonus of an additional 20% credit, I would have to sell it for less than 1 cent per minute. Furthermore, I would incur the time of finding a buyer.

16. Based on the time for me to sell my units and the amount I could expect to receive, I would not bother to sell the units.

17. I object to the proposed settlement because the attorneys' fees should be based only on the settlement fund of $36.7 million.

18. I object to the proposed settlement because it overvalues the calling units.

19. I object to the proposed settlement because it includes certificates for calling units rather than just including as cash the actual cash value of the calling units.

20. I object to the proposed settlement because it violates many parts of the National Association of Consumer Advocates Standards and Guidelines for Litigating and Settling Consumer Class Actions, Third Ed. (2014).

21. I also object because the notice, both postcard and online, inaccurately describes the amount of the settlement fund.

_____         2/23/15
Thomas D. Domonoske                                              Date

Proof of Service

On February 23, 2015, I sent a signed original of this letter to each of the following places:

U.S. District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

Robert A. Curtis, Esq.
Foley Bezek Behle & Curtis, LLP
15 West Carrillo Street
Santa Barbara, CA 93101

Henry Weissmann, Esq.
Munger, Tolles & Olson LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071

_____          _____2/28/15_____
Thomas D. Domonoske                                      Date

Thomas D. Domonoske
461 Lee Avenue
Harrisonburg, VA 22802

RICHMOND VA 230
24 FEB 2015 PM 3 L

U.S. District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101