# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH DEMMICK, on behalf of himself and all others similarly situated; DONALD BARTH, on behalf of himself and all others similarly situated, | Civ. Act. No. 06-2163 (JLL) |
| Plaintiffs, | |
| v. | |
| CELLCO PARTNERSHIP, a Delaware General Partnership doing business as Verizon Wireless; and DOES 1 through 10, | |
| Defendant. | |

## ORDER GRANTING FINAL APPROVAL TO SETTLEMENT

WHEREAS, plaintiffs Ralph Demmick and Donald Barth, individually and in their representative capacities ("Plaintiffs" or "Class Representatives"), and Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless," and, collectively with Plaintiffs, the "Parties") have reached a proposed Settlement of the above-captioned Action;

WHEREAS, on November 19, 2014, an Order Re: Preliminary Approval of Proposed Settlement ("Preliminary Approval Order") was entered by this Court, preliminarily approving the proposed Settlement of this Action pursuant to the terms of the Settlement Agreement and directing that Notice be given to the members of the Settlement Classes;

WHEREAS, pursuant to the Settlement Agreement, CAFA Notice has been provided as required under 28 U.S.C. § 1715;

WHEREAS, pursuant to the Settlement Agreement, the members of the Settlement Classes have been provided with Mail Notice and Publication Notice informing them of the terms of the proposed Settlement and of a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the Released Claims against the Released Parties; and (2) whether Judgment should be entered dismissing the Second Amended Complaint with prejudice; and

1

WHEREAS, a Final Approval Hearing was held on March 30, 2015. Prior to the Final Approval Hearing, proof of completion of Notice was filed with the Court, along with declarations of compliance as prescribed in the Preliminary Approval Order. Settlement Class Members were adequately notified of their right to appear at the hearing in support of or in opposition to the proposed Settlement, Class Counsel's Application for an Award of Attorneys' Fees and Expenses ("Fee and Expense Application); the Class Representatives' Application for Incentive Awards ("Incentive Award Application"); and the Plan of Allocation and Distribution;

NOW, THEREFORE, the Court having heard the arguments of Class Counsel, Verizon Wireless's Counsel, and any objectors or their counsel appearing at the Final Approval Hearing, having reviewed all of the submissions presented with respect to the proposed Settlement, and having determined that the Settlement is fair, adequate, and reasonable and in the best interests of the Settlement Class Members, it is hereby ORDERED, ADJUDGED and DECREED THAT:

1.      The capitalized terms used in this Final Approval Order have the same meaning as defined in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Classes.

3.      For settlement purposes only, the Court finds that: (a) the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied for the Settlement Classes; (b) in accordance with Federal Rule of Civil Procedure 23(b), common issues of fact and law predominate; and (c) also in accordance with Rule 23(b), certification of the Settlement Classes is superior to any other available methods of adjudication.

4.      The Settlement Classes, which will be bound by this Final Approval Order, include all Settlement Class Members who did not submit a valid Request for Exclusion.   The members of the Settlement Classes who submitted valid Requests for Exclusion are listed on Exhibit A hereto.

5.      For purposes of the Settlement and this Final Approval Order, the Settlement Classes shall consist of the FSP Settlement Class and In-Network Settlement Class, defined as follows:

a.      The "FSP Settlement Class" includes all residents of the United States of America as of the date of entry of the Preliminary Approval Order who, between May 11, 2002 and May 10, 2006, were Verizon Wireless customers subscribing to a Family SharePlan covering two or more persons with different per minute rates for minutes used after the shared plan allowance was exhausted ("after-allowance minutes"), and who were billed under the VISION or I2K billing system and were assessed charges for after-allowance minutes at a rate higher than

3

the rate associated with the phone used to make or receive the calls after the allowance minutes were exhausted, calculated on a real time basis.

      b.    The "In-Network Settlement Class" includes all residents of the United States of America as of the date of entry of the Preliminary Approval Order who, between May 11, 2002 and May 10, 2006, were Verizon Wireless customers subscribing to a Family SharePlan that offered unlimited, free "In-Network" and/or "In-Family" calling, and who were billed under the VISION or I2K billing system and were charged for "In-Network" and/or "In-Family" calling.

      6.    The Court finds that the plan for Notice set forth in Article V of the Settlement Agreement, detailed in the Settlement Notice Plan attached to the Declaration of Gina M. Intrepido-Bowden, and effectuated pursuant to the Preliminary Approval Order and as described in the Declaration of Jeffrey Gyomber: (a) constitutes the best notice practicable under the circumstances of this Action and constitutes sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

      7.    The Court finds that CAFA Notice, as described in Article VI.2 of the Settlement Agreement, and as effectuated as described in the Declaration of Jeffrey

4

Gyomber, satisfies the requirements of the Class Action Fairness Act, 28 U.S.C. §
1715, and any other applicable law.

8.     The Settlement, as set forth in the Settlement Agreement, is fair,
reasonable, and adequate and is in best interests of the Settlement Classes, and it is
approved.  The Parties must effectuate the Settlement Agreement according to its
terms.  The Settlement Agreement and every term and provision thereof are
deemed incorporated in this Order and have the full force of an order of this Court.

9.     Upon the Effective Date, all Settlement Class Members have, by
operation of this Order, fully, finally and forever released, relinquished, and
discharged all Released Parties from any and all of the Released Claims pursuant
to Article VII of the Settlement Agreement.

10.     FSP Settlement Class Members, and the successors, assigns, parents,
subsidiaries, affiliates or agents of any of them, are permanently barred and
enjoined from instituting, commencing or prosecuting, either directly or in any
other capacity, any FSP Released Claim against any of the Released Parties.

11.     In-Network Settlement Class Members, and the successors, assigns,
parents, subsidiaries, affiliates or agents of any of them, are permanently barred
and enjoined from instituting, commencing or prosecuting, either directly or in any
other capacity, any In-Network Released Claim against any of the Released
Parties.

5

12.     This Final Approval Order, the Settlement Agreement, the Settlement that it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and must not be construed as, or used as, an admission by or against Released Parties of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

13.     The court-appointed Settlement Administrator shall make all payments and issue all settlement benefits in the manner and at the times set forth in the Settlement Agreement and in accordance with the Plan of Allocation and Distribution, except as otherwise provided in the orders separately entered by this Court on the Fee and Expense Application, Incentive Award Application, and Plan of Allocation and Distribution.

14.     The above-captioned Action is dismissed in its entirety with prejudice. Except as otherwise provided in the orders separately entered by this Court on the Fee and Expense Application, Incentive Award Application, and Plan of Allocation and Distribution, the parties will bear their own expenses and attorneys' fees.

15.     Without affecting the finality of this Order and the accompanying Judgment, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement

6

Agreement, including any releases in connection therewith, and any other matters related or ancillary to the foregoing.

**IT IS SO ORDERED.**

Dated: _5/1/15_

_____
Honorable Jose L. Linares
United States District Judge

7