UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH DEMMICK, et al., ) | |
|     Plaintiffs, ) | |
| v. ) | No. 06-2163 (JLL) |
| CELLCO PARTNERSHIP, ) | |
|     Defendant. ) | |

**OPPOSITION TO PLAINTIFFS' MOTION TO REQUIRE**
**APPEAL BONDS**

Class member/Objector Nancy C. Corser hereby opposes the Motion to Require Objector Appellants to Post Appeal Bonds in the amount of $55,000. Plaintiffs have not documented projected expenses to justify a bond in the amount requested. Plaintiffs have submitted evidence of expected administrative expenses of between $21,000 and $30,000, yet request a bond to include the maximum of this estimate. Plaintiffs request an additional $25,000 above and beyond the maximum projected administrative costs, even though other Circuits have held that the amount of FRAP 39 briefing costs should rarely exceed $2,000, and the Third Circuit has never awarded costs anywhere approaching $25,000 after an unsuccessful appeal. *See In re Magsafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560, 563 (9th Cir. 2014)(FRAP 39 costs "rarely exceed a few hundred dollars when taxed against an appellant [and] district court may not include in an appeal bond any expenses beyond those referenced in FRAP 39...").[1]

---

[1] Appellant Corser contends that *In re Nutella Marketing and Sales Practices Litig.*, 589 Fed. Appx. 53 (3rd Cir. 2014) was wrongly decided, in that it is the only Circuit case in the country to permit the bonding of costs under FRAP 7 not expressly included in FRAP 39 or awarded to a prevailing party pursuant to a statute. Because *Nutella* places the Third Circuit in conflict with the majority of other Circuits on the issue of what costs are bondable under FRAP 7, Appellant Corser hereby announces her intention to petition for certiorari to the U.S. Supreme Court on the issue of what costs are bondable based on the split among the Circuits. Appellant Corser recognizes that this Court is bound by *Nutella*.

*In In re Magsafe, supra*, the Ninth Circuit reversed the imposition of a $15,000 appeal bond, and held that an appeal bond may not exceed "the amount that a prevailing appellee would be entitled to recover from a losing appellant under FRAP 39."  *Id*.

Because *Nutella* was wrongly decided, the Court should deny the motion to impose any appeal bond.  If the Court does impose an appeal bond, however, it should err in favor of the Appellants in setting the amount of the bond, and should set the bond at the minimum of the range estimated by the Administrator, or $21,000, and include nothing for briefing costs because the Plaintiffs did not make a serious effort to estimate the realistic briefing costs they expect to incur in defending this appeal.  Therefore, this Court should set a bond of no more than $21,000.

        Respectfully submitted,
        Nancy C. Corser
        By her attorneys,

        */s/ Vincent S. Verdiramo, Jr.*
        VINCENT S. VERDIRAMO, JR.
        VERDIRAMO & VERDIRAMO ESQS, PA
        3163 Kennedy Blvd.
        Jersey City NJ 07306
        (201) 798-7082
        (201) 798-4627
        mmf036@aol.com

>John J. Pentz, Esq.
>19 Widow Rites Lane
>Sudbury, MA 01776
>Phone: (978) 261-5725
>Fax: (978) 405-5161
>jjpentz3@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the ECF filing system on July 20, 2015, and that as a result electronic notice of the filing was served upon all attorneys of record.

>*/s/ Vincent S. Verdiramo*
>Vincent S. Verdiramo