## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RALPH DEMMICK , et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 06-2163 (JLL) |
| | ) | |
| CELLCO PARTNERSHIP, | ) | Honorable José L. Linares |
| | ) | |
| Defendants. | ) | Return Date: August 3, 2015 |
| _____ | ) | |

## OBJECTOR KIMBERLY BAKER'S RESPONSE TO
## PLAINTIFFS' MOTION TO REQUIRE APPEAL BOND [Doc. 502]

**NOW COMES** Kimberly Baker ("Baker"), through counsel, and responds to

the motion to require her and other objectors to post an appeal bond in the sum

of $55,000 [Doc. 205].


Vincent Savino Verdiramo
Verdiramo & Verdiramo
3163 Kennedy Blvd.
Jersey City, NJ 07306
Tel: (201) 798-7082
Email: verdiramo@aol.com

W. Allen McDonald
*Admitted Pro Hac*
249 N. Peters Road
Suite 101
Knoxville, TN 379234917
Tel: (865) 246-0800

*Counsel for Kimberly Baker*

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.   STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

III.  LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

      A.   The Court Should Require an Appeal Bond From Objectors in
           the Aggregate Amount of $2,500, To Be Borne Jointly and
           Severally. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

      B.   Examination of Public and Private Interest Factors Weighs
           Against Imposition of a $55,000 Appeal Bond. . . . . . . . . . . . .  10

      C.   The Court Should Deny Plaintiffs' Motion to the Extent They
           Seek to Include Costs Not Enumerated in Rule 39. . . . . . . . . .  13

IV.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## I.    PRELIMINARY STATEMENT

> *"Rule 7 was not intended to be used as a means of discouraging appeals, even if perceived to be frivolous."*[1]

Following final approval of the class action settlement [Docs. 181-186], Kim Baker and six other Class members who objected to the proposed settlement separately appealed the Court's orders and judgment.  [Docs. 192, 188-201, 193, 196].  Their appeals – seeking a meaningful review of the Court's approval of the settlement and award of attorneys' fees to Class Counsel – were subsequently consolidated by the Third Circuit.  On July 10, 2015, Plaintiffs moved this Court to impose a $55,000 appeal bond on the objectors under Federal Rule of Appellate Procedure 7, primarily consisting of so-called "delay damages."  [Doc. 205].[2]

Plaintiffs' motion for an appeal bond of such magnitude is contrary to the great weight of applicable authority in this Court, and indeed, in this Circuit, as only "costs" on appeal under Federal Rule of Appellate Procedure 39 are appropriately included in a Rule 7 bond.  "Delay" costs  are not enumerated in Rule 39 and thus cannot be a component of a Rule 7 appeal bond.

---

[1]*In re Diet Drugs (Phentermine, Fenfluramine, Dexfenluramine Prods. Liab. Litig.)*, No. MDL-1203, 2000 U.S. Dist. LEXIS 16085, at *5 (E.D. Pa. Nov. 6, 2000).

[2]On July 14, 2015, Plaintiffs asked the Third Circuit to summarily affirm this Court's approval of the settlement.  [*See* Appeal No. 15-2353,  Doc: 003112017195].

At the outset, it is not the purpose of Rule 7 to discourage or "chill" meritorious appeals.  Yet, the $55,000 bond sought here would have the potential effect of compelling Baker and other objectors to abandon their appeals, a result plainly not intended by Rule 7.  At its core, Plaintiffs' bond request is a tissue of machinations, the singular purpose of which is to pressure Baker and other objectors to abandon their appeals by artificially-inflating their costs and manufacturing unreasonable procedural obstacles to their appeals.  In the end, as Baker demonstrates below, the only "costs" properly included in an appeal bond in this case are those minimal costs associated with printing and copying the appellate briefs.

To be sure, Baker does not oppose imposition of an appeal bond to secure those costs specifically enumerated by Rule 39.  The sum of $2,500 would appear to fairly represent anticipated costs on appeal.  To that end, Baker respectfully submits that an appeal bond in the amount of $2,500, equally borne by the seven appealing objectors, is quite sufficient to secure costs in the consolidated appeals.

In support of their motion for an appeal bond, Plaintiffs incorrectly insist that various factors weigh in favor of imposition of an appeal bond here. For instance, they maintain:

> ■ that an appeal bond is necessary "because Objectors have no meritorious basis to appeal the settlement" [Doc. 205, at p. 5] and "it is extremely unlikely that Objector Appellants will be able to meet their burden on appeal of demonstrating that this Court abused its discretion" [Doc. 205, at p. 3]; and

-2-

■ that an appeal bond is necessary "to provide some level of security" to Plaintiffs because Plaintiffs "have no assurances that Appellants have the ability to pay the costs and fees associated with opposing their appeals" [Doc. 205, at p. 5].[3]

Baker will show that the factors identified by the court in *In re Certainteed Fiber Cement Siding Litig.*, 2014 U.S. Dist. LEXIS 71702, *2 (E.D. Pa. May 27, 2014) actually weigh against an appeal bond of such magnitude.   First of all, Baker submits that the factors are largely unimportant here, as she has does not oppose an appeal bond to cover Rule 39 costs.  Nevertheless, with respect to the merits of Baker's appeal, and those of any other objector, it is not the province of district courts in the Third Circuit to determine whether an appeal of the final approval orders would have merit.   Such a decision rests exclusively with the Third Circuit.   Courts in this Circuit have routinely found "that the Court of Appeals is the best forum to litigate the merits of the appeal and to account for any frivolity that harms the plaintiffs."   *See, e.g., In re Am. Invs. Life Ins. Co. Annuity Mktg. and Sales Practices Litig.*, 695 F. Supp. 2d 157, 166 (E.D. Pa. 2010); *Rossi v. Proctor & Gamble Co.*, No. 11-7238, 2014 U.S. Dist. LEXIS 34180, 2014 WL 1050658, at *2 (D. N.J. March 17, 2014) ("Plaintiff cites no binding legal

---

[3]Similarly, Plaintiffs argue that an appeal bond is necessary because "there is no evidence that the geographically diverse group of Objectors will be able to fully pay the costs of appeal and there is a serious risk that the settlement class will not be able to collect their costs on appeal from the Objector Appellants in the likely event that the appeals are denied.  [Doc. 205, at p. 5].

authority suggesting that a district court may step into the shoes of an appellate court to decide whether an appeal is frivolous . . . .").  Here as well, Plaintiffs can point to no binding authority to permit the Court to delve into the merits of these appeals.  Accordingly, the Court should decline the invitation to consider the merits of these appeals.

Besides, there are other means available to Plaintiffs to adequately protect them against any non-meritorious appeals.  For example, they may file an immediate motion to dismiss in the Third Circuit.   Indeed, Plaintiffs have done so.  Plaintiffs are also protected by Rule 38, under which just damages and single or double costs, including attorney's fees, may be awarded to Plaintiffs if the Third Circuit determines the appeals are frivolous.  *In re Diet Drugs*, at *5.

However, even if the Court did possess authority to delve into the merits of Baker's appeal, a fair examination of her arguments advanced before final approval demonstrates that her appeal is not a frivolous one.  This is not to say that she forecasts that her appeal will ultimately succeed; rather, it simply cannot be said that her appeal is "not important" or "not deserving serious attention."

Although Plaintiffs also feign fear that they will not be able to collect their costs if Baker and other objectors are unsuccessful in their appeals, the fact is, there is no evidence in the record to support such a self-serving assertion. Plaintiffs, after all,  have presented no evidence that their costs under Rule 39 will remotely approach the sum of $55,000.  The only costs recoverable under Rule 39,

-4-

and thus allowed in a Rule 7 appeal bond, are the "necessary copies of a brief or appendix" (certainly not an expensive undertaking), "preparation and transmission of the record" (which is the responsibility of Objectors under Rule 30), and "the reporter's transcript" (also Objectors' responsibility).  Accordingly, because the appeals have now been consolidated, Plaintiffs' costs under Rule 39 will consist of a few hundred pages of copies and binding for a single brief.  Surely, such costs will not  exceed a few hundred dollars.

But Plaintiffs – in an effort to force Baker to abandon her appeal – seek a substantially higher bond than to cover such minimal costs.  They suggest the bond should be $55,000, mostly for "anticipated costs incurred due to the delay in administering the settlement fund,"  citing *In re Nutella Mktg. & Sales Practices Litig.*, 589 F. App'x 53, 61 (3d Cir. 2014).  Plaintiffs' argument is well off-the-mark, as Baker demonstrates.  Most importantly, the decision in *Nutella* did not reverse or abrogate the long line of cases by and within the Third Circuit – beginning with *Hirschensohn v. Lawyers Title Ins. Corp.*, 1997 U.S. App. LEXIS 13793 (3d Cir. 1997) – that have refused to include costs not enumerated in Rule 39 in a Rule 7 appeal bond.  Indeed, the Third Circuit's decision to affirm the $22,500 appeal bond in *Nutella* made no mention of and did not even cite to its earlier decision in *Hirschensohn*, much less expressly overrule it.  Moreover, *Nutella* did not analyze or examine decisions from this or other Circuits regarding the propriety of including "administrative costs" or "delay costs" in an appeal bond.  Furthermore,

*Nutella* did not examine the language, purpose, or history of Rule 7 or Rule 39. And the opinion, incidentally, as issued, was "not precedential" and "not binding."

What's more, the Third Circuit's conclusion in *Nutella* was also expressly based upon a set a facts demonstrably different than those presented here. What is clear is that in *Nutella*, the Third Circuit was confronted by a unique set of facts and had to apply the most deferential standard of review (abuse of discretion), both of which presented it with a solitary choice: affirm the district court's appeal bond. Thus, for all practical purposes, the appeal bond portion of the opinion in *Nutella* appears to be of limited, if any, value here.

Courts – including this Court – that refuse to impose appeal bonds to cover increased settlement administration costs rightly reason that such costs are not "costs on appeal" as they are not within the scope of the Rule 39(e) taxable costs or another applicable fee-shifting statute. *See, e.g., In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 2013 U.S. Dist. LEXIS 156986, 2013 WL 5775118, at *3 (C.D. Cal. Oct. 21, 2013).

At bottom, Plaintiffs cannot succeed in their efforts to require a $55,000 appeal bond. First, there is no binding precedent in the Third Circuit authorizing inclusion of such costs in an appeal bond. And second, none of the cases cited by Plaintiffs – including *Nutella* – explains exactly how a rule that expressly allows requiring a bond only to secure payment of recoverable costs (which, under some

-6-

statutes, includes recoverable attorney's fees) can be read to authorize posting a bond to secure payment of expenses that are not recoverable costs.

Here, Plaintiffs' motion has no plausible motive or effect other than to force the objectors to altogether abandon their meritorious appeals.[4] *See Lindsey v. Normet*, 405 U.S. 56, 77-79 (1972) (a district court may not impose a bond in an amount beyond what is necessary to ensure adequate security if to do so would effectively preclude pursuit of an appeal).[5] After all, a Rule 7 bond is not designed "to impose an independent penalty on the appellant." *Capizzi v. States Res. Corp.*, 2005 U.S. Dist. LEXIS 7338, at *4 (D. Mass. Apr. 26, 2005).

For all of this, this Court should not diverge from the majority of decisions in this Circuit and should therefore limit the amount of the bond available to Plaintiffs under Rule 7 to those costs which are explicitly enumerated in Rule 39(e) – which do not include costs associated with continued administration of a settlement fund or damages caused by delay incident to an appeal.

_____

[4]As the court in *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 299 (5th Cir. 2007) observed, imposing too great a burden on an objector's right to appeal may discourage meritorious appeals or tend to insulate a district court's judgment in approving a class settlement from appellate review. *Vaughn,*, 507 F.3d at 300.

[5]*In re Countrywide*, 2010 U.S. Dist. LEXIS 131775 (W.D. Ky. Dec. 13, 2010) ("purpose of the appeals process is to permit objectors to challenge such rulings").

## II.      STANDARD OF REVIEW

Rule 7 provides in relevant part that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." "The power to impose an appeal bond under Rule 7 has been specifically given to the discretion of the district court." *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998). "A district court may not impose a bond in an amount beyond what is necessary to ensure adequate security if to do so would effectively preclude pursuit of an appeal." *In re Diet Drugs*, at *5.

## III.     LEGAL ARGUMENT

### A.      The Court Should Require an Appeal Bond From Objectors in the Aggregate Amount of $2,500, To Be Borne Jointly and Severally.

It is undisputed that a district court has the discretion to require an appeal bond. Rule 7 of the Federal Rules of Appellate Procedure provides that "in a civil case, the district court may require the appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The rule is permissive, allowing but not compelling a district court to require a bond. Accordingly, the court must first decide whether to exercise its discretion.

If the Court requires a bond, it then must decide the bond's amount. Both decisions depend on the purpose of a bond, which according to Rule 7 is "to

ensure payment of costs on appeal." *Id.* A bond set at "costs on appeal" would perfectly "ensure payment" of those costs, and a bond set at any greater amount would not be "necessary" to the extent of the excess, and hence, would be unauthorized. *See id.* Conversely, a bond of a lesser amount may be all that is necessary to "ensure payment of costs on appeal," and indeed any security may be unnecessary. *See id.* Consequently, both the decision whether to require a bond pursuant to Rule 7 and the decision as to the amount of any bond turn on the meaning of "costs on appeal."

It is clear that "[c]osts' referred to in Rule 7 [include] those that may be taxed against an unsuccessful litigant under Federal Rule of Appellate Procedure 39." *Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 U.S. App. LEXIS 13793, at *1 (3d Cir. June 10, 1997) (citation omitted). Rule 39 provides:

> [t]he following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
> > (1) the preparation and transmission of the record;
> >
> > (2) the reporter's transcript, if needed to determine the appeal;
> >
> > (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
> >
> > (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e).

Accordingly, Baker proposes an appeal bond in the aggregate sum of $2,500, to be paid jointly and severally by the seven objectors.

**B.    Examination of Public and Private Interest Factors Weighs Against Imposition of a $55,000 Appeal Bond.**

Plaintiffs point out that some courts consider several non-exhaustive factors in determining whether to impose an appeal bond, including,

(1)    whether a bond is necessary to assure adequate security to protect the interests of the settlement class;

(2)    the risks that the appellant will not pay the costs if it loses the appeal;

(3)    the appellant's financial ability to post the bond;

(4)    the merits of the appeal; and

(5)    whether appellant has shown any bad faith or vexatious conduct.

*In re Certainteed Fiber Cement Siding Litig.*, 2014 U.S. Dist. LEXIS 71702, *2 (E.D. Pa. May 27, 2014) (citations omitted).  [Doc. 205, at p. 5].  Plaintiffs argue that these factors support imposition of the appeal bond.  They are wrong.

They are primarily wrong because Baker disputes only the inclusion of anticipated administrative costs in a bond order.  She does not dispute the Court's general discretion to require an appeal bond.  Indeed, she stands ready to tender her portion of aggregate appeal bond not exceeding $2,500 to secure Plaintiffs' costs on appeal  to the District Court Clerk.  Those costs are the taxable costs of copying and printing permitted under Rule 39.

-10-

Nevertheless, a fair analysis of the factors also demonstrates that a bond of $55,000 is grossly inappropriate. For example, there is no evidence concerning Baker"s ability to pay a $55,000 appeal bond. At best, this factor favors neither Plaintiffs nor Baker. And while Plaintiffs argue that a risk of nonpayment exists due to the fact objectors are geographically dispersed across the country, Baker has vowed – in the Court record – to pay her share of an appeal bond securing the costs on appeal under Rule 39. Thus, Plaintiffs' fear of non-payment is a red-herring and not a legitimate basis for an appeal bond of the requested magnitude.[6]

As for the merits of her appeal, as Baker has previously discussed, it is not the province of district courts to assess the strength of appeals. The Fifth Circuit explicitly rejected this very argument:

> There is no provision in the rules of procedure for a district court to predict that an appellate court will find an appeal frivolous and to set a bond for costs on appeal based on an estimate of what "just damages" and costs the appellate court might award. We have observed that Rule 38 only allows an appellate court to impose

---

[6]To the extent Plaintiffs argue that the status a lawyer or individual as a purported "professional" objector warrants an appeal bond, Baker has never objected to a class action settlement before, as Plaintiffs are undoubtedly aware. Nevertheless, this argument has no merit:

> the fact that the objectors are represented by counsel who specialize in objecting to class-action settlements is not a reason to think that they will shirk their liability for costs on appeal.

*In re Lawnmower Engine Horsepower Marketing & Sales Prac. Litig.*, 2010 U.S. Dist. LEXIS 123761, at *18 (E.D. Wisc. Nov. 2, 2010) (footnote omitted).

> damages and costs in a frivolous appeal.  We have held
> that "the appellate court is generally better qualified to
> determine whether an appeal lacks merit."

*Vaughn,* 507 F.3d at 299 (emphasis added).

Here, Baker's objection [Doc. 164] and supplemental brief [Doc. 172] sufficiently demonstrate that, while the Court may have overruled her arguments against the settlement, her appeal nonetheless has merit.  For instance, Baker argued that the *non-cash* (PIN card)-portion of the proposed settlement – valued by Class Counsel at $27.7 million – allows them to obtain an extra $8.25 million in attorneys' fees from the *cash*-portion of the settlement, diluting the benefit available to FSP settlement class members – who will not even receive *non-cash* benefits – from $36.7 million to below $15 million.  This appears to be an issue of first impression in the Third Circuit.  Second, Baker argued that Class Counsel's fee – 30% of the cash and non-cash value of the settlement ($64,200,000) – would constitute ***more than half (52.5%)*** of the cash portion of the settlement. Moreover, after deductions were made for attorneys' fees, expenses, and incentive fees, less than $15 million of the $36.7 million gross cash portion of the proposed settlement would actually make it into the hands of settlement class members. Thus, Class Counsel would walk away with several million dollars more than the aggregate cash benefit for both settlement classes.  While that result may have been an excellent one for Class Counsel, it was not an "excellent" one at all for settlement class members.

Finally, Plaintiffs do not allege that Baker or her counsel have engaged in bad faith or vexatious conduct in this case to warrant a $55,000 appeal bond.

**C.    The Court Should Deny Plaintiffs' Motion to the Extent They Seek to Include Costs Not Enumerated in Rule 39.**

Plaintiffs' motion for a $55,000 appeal bond hinges almost entirely on its misguided reliance on *In re Nutella Marketing and Sales Practices Litigation*, 589 Fed. Appx. 53 (3rd Cir. 2014).  Plaintiffs suggest that *Nutella* reversed and abrogated a long line of cases by and within the Third Circuit, beginning with *Hirschensohn v. Lawyers Title Ins. Corp.*, 1997 U.S. App. LEXIS 13793 (3d Cir. 1997), in which courts routinely refused to include attorneys' fees, delay costs, or administrative costs in appeal bonds because such items are not enumerated in Rule 39.  Consequently, Plaintiffs surmise that, because of *Nutella*, *Hirschensohn* and its progeny, including this Court's decision last year in *Rossi v. P&G*, 2014 U.S. Dist. LEXIS 34180, *5-7 (D. N.J. Mar. 17, 2014) (where the Court declined to include "any administrative costs that are not specifically enumerated" in Rule 39 in an appeal bond) are simply no longer persuasive.

In *Rossi*, this Court analyzed Rule 7 in the context of an objector's appeal of a class action settlement and the propriety of a $30,000 appeal bond which would include anticipated attorney's fees, costs for delay, and costs and damages for a frivolous appeal.  *Id.*  As many other courts within the Third Circuit have done, the Court relied upon *Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 U.S. App. LEXIS 13793, *1 (3d Cir. June 10, 1997), and refused to include

"administrative costs that are not specifically enumerated in Rule 39 in an appeal bond. *Rossi*, at \*\*5-6 ("Because Rule 39 does not enumerate any additional administrative costs caused by delay in the disbursement of settlement funds, inclusion of these costs is denied.")(citing *Hirschensohn*, at \*2-\*3).[7]

The Court in *Rossi* also correctly made clear that "as a general matter . . . an appeal bond could be appropriate in a case such as this one to ensure payment of costs in the event of a failed appeal." Thus, Baker does not oppose an appeal bond in the aggregate sum of $1000 for the seven consolidated appeals – to cover costs actually enumerated in Rule 39.

Buoyed by the Third Circuit's decision last year in *In re Nutella Marketing and Sales Practices Litigation*, 589 Fed. Appx. 53 (3rd Cir. 2014), Plaintiffs incorrectly suggest that *Nutella* has greatly altered the landscape for appeal bonds within the Circuit, and has paved the way for district courts to impose such bonds, presumably including anticipated attorneys' fees, delay damages, and other costs not specifically enumerated in Rule 39.

---

[7]To the extent Plaintiffs are suggesting that costs for delay can be included in an appeal bond pursuant to Fed. R. App. P. 38, this Court rejected that argument in *Rossi* as well. *Rossi*, at \*\*6-7. The Court observed that Rule 38 provides that, "[i]f a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." *Id.* at 6. Thus, costs for delay are not proper under Rule 38 because that rule, "by its very terms, applies to courts of appeal – not district courts." *Id.* A district court may not "step into the shoes of an appellate court to decide whether an appeal is frivolous." *Id.* at \*7.

Plaintiffs are wrong. *Nutella*, a non-precedential, non-binding decision,[8] did not reverse *Hirschensohn* or curtail its status as persuasive authority. Nor, for that matter, did *Nutella* even cite *Hirschensohn*. It certainly did not expressly overrule it. Moreover, the Court in *Nutella* did not examine the language, purpose, or history of Rule 7, or analyze other decisions – in this Circuit or elsewhere – addressing the propriety of including delay costs in a Rule 7 appeal bond.

An analysis of what the Court did do in Nutella demonstrates its limited application to other cases. *Nutella* was an appeal of a class action settlement, the plaintiffs filed a motion requesting that the appealing objectors be required to post a bond of $42,500 under Rule 7. The bulk of the opinion concerned a discussion of the district court's award of attorneys' fees to class counsel. *Id.* at 57-60. Notably, the Court listed what items may be properly included in a Rule 7 bond:

> According to 28 U.S.C. § 1920 and Federal Rule of Appellate Procedure 39(e), an appeal bond may include the costs of preparation of and transmission of the record, the costs of obtaining any necessary transcripts, printing costs and other copying costs, premiums or costs for supersedeas bonds or other bonds to secure rights pending appeal, and fees for filing the notice of appeal.

---

[8] *Hirschensohn* was an unpublished decision. However, there, the Third Circuit engaged in an analysis of Rule 7, Rule 39, 28 U.S.C. § 1920 and § 1927, Supreme Court precedent, the law of other Circuits, the prevailing law of the Third Circuit, and persuasive treatises on the Federal Rules. *Hirschensohn v. Lawyers Title Ins. Corp.*, 1997 U.S. App. LEXIS 13793 (3d Cir. June 10, 1997). Perhaps this is why courts within the Third Circuit have frequently turned to it for guidance.

-15-

*Nutella*, at 60-61.  Conspicuously absent from this list are delay costs.

The facts in *Nutella* were unique.  In affirming imposition of a $22,500 appeal bond, the Court took great care to pinpoint the district court's reasons for finding an appeal bond to be appropriate:

> "(1) the objectors did not respond in a meaningful way to the plaintiffs' contentions that their appeals were meritless; and (2) the objectors, who were a geographically diverse group, did not provide any representations that they were able to pay the costs of an appeal."

*Id.* at 61.  The Court also made clear that it's own decision to affirm the imposition of the appeal bond was based upon:

> the fact that the objectors were nonresponsive in their briefing objecting to the imposition of the appeal bond, and because the bond was placed collectively on the ten objectors rather than individually, we cannot conclude that the District Court abused its discretion in requiring an appeal bond here.

*Id.*  Finally, the Court noted that it could not conclude that the district court's inclusion of administrative costs was an abuse of discretion, reasoning that the district court had also decreased the appeal bond by half, to $20,000.  *Id.*

Although *Nutella* affirmed the imposition of an appeal bond including administrative costs under the facts presented to it, the foregoing demonstrates that it did not overrule or abrogate *Hirschensohn* and the long line of cases subscribing to its reasoning.

-16-

Unsurprisingly then, courts in this and other Circuits continue to recognize *Hirschensohn* as the law of the Third Circuit. *See, e.g., United States v. Endo Pharms., Inc.*, 2014 U.S. Dist. LEXIS 139221 (E.D. Pa. Oct. 1, 2014) ("The Third Circuit has interpreted costs under [Rule 7] for appellate bond to include only the expenses enumerated in [Rule 39] and 28 U.S.C. § 1920") (citing *Hirschensohn*, 1997 U.S. App. LEXIS 13793, 1997 WL 307777, at *2-3 and *McDonald v. McCarthy*, 966 F.2d 112, 115 (3d Cir. 1992), and noting that "[c]onspicuously absent from the catalog of costs permitted in the calculation of an appropriate sum for an appellate bond is attorneys' fees."); *Tennille v. West Union Co.*, 774 F.3d 1249, 1255 (10th Cir. Colo. 2014) (citing *Hirschensohn* in December 2014 for the proposition that the Third Circuit restricts an appeal bond "to only costs listed in Fed. R. App. P. 39, which include "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal").

In *Tennille*, the Tenth Circuit explicitly rejected the notion that district courts can impose appeal bonds to secure such "administrative costs." *Id.* at 1256 ("What Plaintiffs really appear to be seeking is an appeal bond that includes damages due to the delay Objectors' merits appeals might cause. But that is not the purpose of a Rule 7 bond."). The Tenth Circuit noted that the plaintiffs in *Tennille* could not identify, and the Court could not locate, any rule or statute that

-17-

permits them to recover "delay damages" should they succeed in defending the merits appeal.  *Id.* at 1255.

In the end, the Court in *Tennille* rejected the reasoning of cases which included administrative costs in appeal bonds as unpersuasive, particularly "in light of the unanimous circuit authority restricting an appeal bond to costs expressly permitted by rule or statute."  *Tennille*, 774 F.3d at 1256.

Here as well, Plaintiffs fail to identify any rule or statute that allows them to recover, as costs on appeal, funds spent maintaining the settlement pending this appeal.  Although plenty of courts have imposed bonds based on delay costs, there is no "applicable fee-shifting statute" that might justify imposition of the additional amount of bond in the present case.

Finally, overwhelming circuit court authority holds that only costs recoverable under Rule 39 may be included in the appeal bond where the appeal has merit.  Accordingly, the Court should limit the amount of the bond available to Plaintiffs under Rule 7 to those costs which are explicitly enumerated in Rule 39(e).  Those costs do not include increased settlement administration costs.

## IV.   CONCLUSION

For all of this, the Court should impose an appeal bond in the amount of $2,500, for which all of the objectors are jointly and severally liable.  The Court should reject a n appeal bond which would include as a component putative "settlement delay costs," as such costs are not enumerated in Rule 39 and are

thus inappropriate for inclusion in an appeal bond under Rule 7.  Finally, requiring a Rule 7 bond in the amount of $55,000 is more likely to "chill an appeal" than a bond covering more predictable costs on appeal.

Respectfully submitted, this 20th day of July, 2015.

/s/ Vincent Savino Verdiramo
Vincent Savino Verdiramo
Verdiramo & Verdiramo
3163 Kennedy Blvd.
Jersey City, NJ 07306
Tel: (201) 798-7082
Email: verdiramo@aol.com

W. Allen McDonald
*Admitted Pro Hac [Doc. 175]*
249 N. Peters Road
Suite 101
Knoxville, TN 379234917
Tel: 865 246 0800

*Counsel for Kimberly Baker*

## CERTIFICATE OF SERVICE

I do hereby certify that on July 20, 2015, a copy of the foregoing was submitted electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. The following parties will be served by regular U.S. Mail:

Wanda J. Cochran
1385 Russell Drive
Streetsboro, OH 44241

Kendrick Jan
402 West Broadway, 27th Floor
San Diego, CA 92101

Janet Hale
1033 Williams Road
Burnet, TX 78611-5652

Michael Narkin
85391 Chezem Road
Eugene, OR 97405

Michael J. Rinis
4128 NW 13th Street
Gainesville, FL 32609

Thomas D. Domonoske
461 Lee Avenue
Harrisburg, VA 22802

Shannon Leigh Adams
223 View Street
Asheville, NC 28806

-20-

John Finn
5241 Del Sur Cir.
La Palma, CA 90623-2211

This 20th day of July, 2015.

/s/ Vincent Savino Verdiramo
Vincent Savino Verdiramo

-21-