## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH DEMMICK, on behalf of himself and all others similarly situated; DONALD BARTH, on behalf of himself and all others similarly situated, | Civ. Act. No. 06-2163 (JLL) Honorable José L. Linares |
| Plaintiffs, v. | |
| CELLCO PARTNERSHIP, a Delaware General Partnership doing business as Verizon Wireless; and DOES 1 through 10, Defendant. | Hearing Date: August 3, 2015 Hearing Time: N/A |

## PLAINTIFFS' CONSOLIDATED REPLY TO OPPOSITIONS OF OBJECTOR APPELLANTS JAN, BAKER AND CORSER TO PLAINTIFFS' MOTION TO REQUIRE OBJECTOR APPELLANTS TO POST APPEAL BONDS

Stephen L. Dreyfuss, Esq.
Matthew E. Moloshok, Esq.
HELLRING LINDEMAN GOLDSTEIN
& SIEGAL LLP
One Gateway Center
Newark, NJ 07102-5386
Tel: 973.621.9020
Fax: 973.621.7406
sldreyfuss@hlgslaw.com
mmoloshok@hlgslaw.com

Peter J. Bezek, Esq.
Robert A. Curtis, Esq.
J. Paul Gignac, Esq., Of Counsel
FOLEY BEZEK BEHLE & CURTIS,
LLP
15 West Carrillo Street
Santa Barbara, CA 93101
Tel: 805.962.9495
Fax: 805.962.0722
pbezek@foleybezek,com

Co-Class Counsel; Counsel for Plaintiffs-Appellee

## TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................1

II.   ARGUMENT...................................................................................................2

      A.   Reply To Corser's Opposition To The Bond Motion ...........................2

      B.   Reply To Jan's Opposition To The Bond Motion.................................3

      C.   Reply To Baker's Opposition To The Bond Motion ............................8

      D.   None Of The Objector Appellants Has Presented Any Evidence
           That They Are Able To Pay Costs Awarded Against Them ..............10

III.  CONCLUSION.............................................................................................11

i

## TABLE OF AUTHORITIES

**CASES**

*Dewey v. Volkswagen of Am.*,
  No. 07-2249, 2013 WL 3285105 (D.N.J. Mar. 18, 2013)............ 4, 5, 6, 7, 10

*Hirschensohn v. Lawyers Title Ins. Corp.*,
  1997 U.S. App. LEXIS 13793 (3d Cir. 1997)..................................................8

*In re Certainteed Fiber Cement Siding Litig.*,
  2014 U.S. Dist. LEXIS 71702 (E.D. Pa. May 27, 2014) ..............................11

*In re General Elec. Co. Secs. Litig.*,
  998 F. Supp.2d 145 (S.D.N.Y. 2014)..............................................................6

*In re Initial Pub. Offering Sec. Litig.*,
  728 F. Supp. 2d 289 (S.D.N.Y. 2010)................................................... 6, 7, 10

*In re Ins. Brokerage Antitrust Litig.*,
  2007 U.S. Dist. LEXIS 47659 (D.N.J. June 29, 2007)....................................3

*In re Nutella Mktg. & Sales Practices Litig.*,
  589 F. App'x 53 (3d Cir. 2014)....................................................................3, 9

*McDonald v. McCarthy*,
  966 F.2d 112 (3d Cir. 1992) ...........................................................................9

*Tennille v. W. Union Co.*,
  774 F.3d 1249 (10th Cir. 2014).......................................................................9

*United States v. Endo Pharms., Inc.*,
  2014 U.S. Dist. LEXIS 139221 (E.D. Pa. Oct. 1, 2014) ........................ 3, 5, 9

**RULES**

Federal Rule of Appellate Procedure 7.....................................................................1

## I.      INTRODUCTION

On May 1, 2015, this Court granted final approval to a $64.2 million settlement reached between the parties, providing closure to nine years of litigation for more than 2.2 million identifiable class members. (Dkt. 186). Only nine of the 2.2 million objected (one of whom—Mr. Narkin—is not even a class member) and seven of those nine (including Mr. Narkin) appealed this Court's orders granting final approval to the settlement and related relief.

On July 10, 2015, Plaintiffs moved pursuant to F.R.A.P. 7 to require the seven objector appellants to post an appeal bond, jointly and severally, in the amount of $55,000. One objector appellant (Jan) disputes the need for a bond (Dkt. 209). Two objector appellants (Corser and Baker) dispute only the *amount* of the bond (*see* Dkt. 206-207). The other four objector appellants did not file any opposition and evidently do not oppose either the requirement for a bond or the proposed $55,000 amount. All three objector appellants who opposed the imposition of a bond are "professional objectors."

None of the objector appellants has submitted an affidavit containing a representation that he or she is willing, able and committed to pay costs incurred by the settlement class on appeal should the objector appellants be ordered to pay them. Only one has offered to contribute a pro rata share of an appeal bond, in the token amount of $2,500. Yet the $55,000 bond, if funded

by the appellant objectors, amounts to less than $8000 per appellant objector—
an amount which, in light of the exponentially greater value of the settlement at
issue in this appeal, can hardly be viewed as an attempt to dissuade the objector
appellants from prosecuting their appeals.

## II.    ARGUMENT

### A.    Reply To Corser's Opposition To The Bond Motion

Objector appellant Corser is represented by professional objectors
Vincent S. Verdiramo, Jr. and John J. Pentz[1]. In opposition to Plaintiffs'
motion, Corser submitted a conclusory 1½-page brief complaining that
"Plaintiffs have not documented projected expenses to justify bond in the
amount requested." (Dkt. 206). Corser contends that any bond imposed should
cover only administrative expenses in the amount of $21,000 and "nothing for
briefing costs." *Id.*

Corser cites no authority for her assertion that Plaintiffs must estimate
the briefing costs they expect to incur in defending the appeals. That is
because courts have consistently held that a party requesting a Rule 7 bond
does not have to make an itemized showing of anticipated costs. *In re Ins.
Brokerage Antitrust Litig.,* 2007 U.S. Dist. LEXIS 47659, *41 (D.N.J. June 29,

---

[1] *See* Declaration of J. Paul Gignac In Support of Plaintiffs' Motion to Require
Objector Appellants to Post Bonds on Appeal (Dkt. 205-1) at ¶ 4.

2007); *see also United States v. Endo Pharms., Inc.*, 2014 U.S. Dist. LEXIS 139221, *10 (E.D. Pa. Oct. 1, 2014) (itemization of costs is not required before ordering imposition of appellate bond).

Corser acknowledges, however, that the Third Circuit ruled in *In re Nutella Mktg. & Sales Practices Litig.*, 589 F. App'x 53 (3d Cir. 2014) (non-precedential) that administrative costs related to delay of distribution of the class settlement may be included as costs in a Rule 7 bond. Corser therefore concedes that the bond here should include administrative costs, but suggests that it be set at $21,000.[2]

## B.   Reply To Jan's Opposition To The Bond Motion

Objector appellant Jan, who is acting as his own counsel, has a history of objecting to class action settlements.[3] In his opposition, Jan concedes that Rule 7 bonds are intended to "protect … an appellee against the risk of nonpayment by an unsuccessful appellant." (Dkt. 209 at 1). He asserts without explanation, however, that because the funds needed to satisfy Plaintiffs' judgment are being held by a

---

[2] While deferring to *Nutella*, Corser nonetheless asks this Court to conclude that it was "wrongly decided," and further announces her "intention to petition for certiorari to the U.S. Supreme Court on the issue of what costs are bondable based on the split among the Circuits." Corser's disagreement with *Nutella* and her purported intention to challenge it are immaterial to this motion.

[3] *See* Declaration of Robert A. Curtis In Support of Plaintiffs' Supplemental Requests for Exclusion and Objections to Settlement (Dkt. 167-3) at ¶ 8.

3

settlement administrator, "there is little risk to the plaintiffs that the settlement will be dissipated as a result of these appeals." Jan complains that "plaintiffs have presented no evidence suggesting [Jan] would not pay any court ordered costs." None of these arguments justifies withholding a bond for costs.

To address Plaintiffs' concern that the objector appellants, including Jan, will not pay court-ordered costs, Jan could have submitted an affidavit explaining that there is adequate security for any such costs because he has the financial ability to pay any such costs, or that the amount of the bond requested would preclude his pursuit of the appeal. He has not done so. The fact that Jan has submitted no evidence—not even a sworn statement—that he is willing and able to pay costs if he loses his appeal highlights the need for a bond.

Jan asserts the motion did not consider the four-factor analysis used in *Dewey v. Volkswagen of Am.*, No. 07-2249, 2013 WL 3285105 (D.N.J. Mar. 18, 2013) to evaluate whether a Rule 7 bond is appropriate. (Dkt. 209 at 2). Yet there is no inconsistency between the standard in *Dewey* and the standard advocated by the motion. Moreover, Jan advances only conclusory assertions and makes no effort to apply the *Dewey* factors to the facts of this case. In fact, *Dewey* reinforces Plaintiffs' position that a Rule 7 bond is necessary in this case:

a. The first factor considered by *Dewey* is "whether the amount of the bond is necessary to assure adequate security." *Dewey*, 2013 WL 3285105 at *2

4

(citation omitted).  Jan claims that the class is secure because the settlement proceeds are being held by the settlement administrator for the class, and "there is little risk to the plaintiffs that the settlement will be dissipated as a result of these appeals." (Dkt. 209 at 3).  The fact that the settlement funds are being held by a settlement administrator is irrelevant—those funds are being held for distribution to the class members in fulfillment of the settlement, not to pay the additional costs that will be incurred in defending these meritless appeals. In fact, if Jan and the other objector appellants fail to pay any court-ordered costs, the settlement *will* be dissipated as a result of his appeal and there is *no* "adequate security" for those costs.

b. The second *Dewey* factor is "the risks that the appellant will not pay the costs if it loses the appeal." *Dewey*, 2013 WL 3285105 at *2 (citation omitted). Here, Jan fails to assert *even once* in his 15-page opposition (much less submit any evidence) that he is willing and able to pay any costs that may be ordered against him on appeal.  Instead, he seeks to create a presumption that he will pay and to impose on Plaintiffs the burden to show otherwise: "Plaintiffs have presented no evidence suggesting I would not pay any court ordered costs." (Dkt. 209 at 4). However, it is *Jan's burden*, not plaintiffs', to demonstrate that he is willing and able to pay any court-ordered costs.  *Dewey*, 2013 WL 3285105 at *3 (citation omitted); *see also United States v. Endo Pharms., Inc.,* 2014 U.S. Dist. LEXIS

139221, *9 (E.D. Pa. Oct. 1, 2014) (burden to show ability to pay bond lies with party in possession of the necessary financial information); *In re General Elec. Co. Secs. Litig.*, 998 F. Supp.2d 145, 151 (S.D.N.Y. 2014) (evidentiary burden is on the party invoking an inability to pay and conclusory statements are not sufficient to satisfy this burden). The *Dewey* court recognized that where "[t]here is nothing before the Court demonstrating that the appellant objectors have the intention of satisfying any cost award," a bond is warranted. Jan, like the other objector appellants, has put nothing before this Court—even in the form of a sworn statement—demonstrating that he has the intention or ability to pay any cost award.

c. The third *Dewey* factor is "the appellant's financial ability to post the bond." *Dewey*, 2013 WL 3285105 at *2 (citations omitted). Jan addresses this factor solely by asking this Court to *presume* that the objector appellants have the ability to pay costs awarded against them. (Dkt. 209 at 5). He relies on *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289 (S.D.N.Y. 2010) ("*IPO*"), *id.*, but has misconstrued and misapplied *IPO*'s holding. In *IPO*, the court imposed a $25,000 bond over the appellant objectors' objection that the appellees could not show that the appellants had the ability to post a bond.[4] The *IPO* court held that,

---

[4] Two of the objector appellants in *IPO* were represented by attorney John Pentz, a professional objector who represents objector appellant Corser in the instant action. The court in *IPO* found that Pentz and the other objectors "engaged in bad faith and vexatious conduct" and the *IPO* court "concur[ed] with the numerous courts (footnote continued)

because the appellant objectors did not present any evidence that they lack the financial ability to post a bond, their ability to post a bond is presumed. The *IPO* court *did not*, as Jan suggests, rule that a court should presume that the objector appellants are able to pay the costs awarded against them after the appeal. Courts that have decided that security is necessary are willing to presume that appellant objectors have the ability to post a bond, but that is not the same as finding that no security is necessary because of a presumption that all appellants will pay court-ordered costs on appeal. If that were the case, Rule 7 would be superfluous and courts could never order security against appellate costs.

d. Finally, Jan addresses the fourth *Dewey* factor—"whether the amount of the bond will effectively preclude pursuit of the appeal." *Dewey*, 2013 WL 3285105 at *2 (citations omitted). Jan asserts generally that "imposition of such bonds often unduly burdens the appeal process resulting in objectors dismissing their appeal." (Dkt. 209 at 5). Jan does not, however, claim or present any evidence to show that the imposition of a bond will result in the dismissal of *his* appeal, and in fact implies the contrary. *Cf.* Jan's Opposition (Dkt. 209) at 4 ("I have been a practicing attorney in good standing in the state of California for 33

---

that have recognized that professional objectors undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients." *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 295.

7

years.  Plaintiffs have provided no basis for concluding that I would not pay costs should I lose on appeal.").  On the contrary, it is Jan who has failed to sustain his burden of demonstrating that he would pay court-ordered costs if his meritless appeal fails.

### C.    Reply To Baker's Opposition To The Bond Motion

Objector appellant Baker is represented by the same attorney who represents objector appellant Corser (Verdiramo), but Baker takes a position contrary to Corser's.  Baker, unlike Corser, contends that *In re Nutella Mktg. & Sales Practices Litig.* does not govern because it "did not reverse or abrogate the long line of cases by and within the Third Circuit—beginning with *Hirschensohn v. Lawyers Title Ins. Corp.*, 1997 U.S. App. LEXIS 13793 (3d Cir. 1997)—that have refused to include costs not enumerated in Rule 39 in a Rule 7 appeal bond." (Dkt. 207 at 5).

Plaintiffs do not contend, as Baker suggests, that *Nutella* reversed *Hirschensohn*.  Instead, Plaintiffs contend, and Baker fails to recognize, that *Hirschensohn* did not consider whether administrative costs related to the class settlement fund are properly included in a Rule 7 bond.  *See, Hirschensohn*, 1997 U.S. App. LEXIS 13793.  Seventeen years after *Hirschensohn* was decided, the Third Circuit finally had an opportunity in *Nutella* to consider whether administrative costs related to the class settlement fund are properly

8

included in a Rule 7 bond. The *Nutella* district court had determined, over the objections of the objector appellants, that administrative costs *could* be secured by a Rule 7 bond. *Nutella,* 589 F. App'x 53 at 61. The Third Circuit then specifically considered this issue --- less than a year ago --- and "[did] not find that determination to be in error." *Id.*

Baker contends that courts in this and other circuits recognize *Hirschensohn* as the law of the Third Circuit. (Dkt. 207 at 17). While this may be true, not one of the cases from within the Third Circuit cited by Baker considers whether administrative costs may be included in a Rule 7 bond. *See, United States v. Endo Pharms., Inc.,* 2014 U.S. Dist. LEXIS 139221, *11 (E.D. Pa. Oct. 1, 2014) (discussing attorneys' fees but not administrative costs); *McDonald v. McCarthy,* 966 F.2d 112, 118 (3d Cir. 1992) (same). Baker also relies on *Tennille v. W. Union Co.,* 774 F.3d 1249, 1254 (10th Cir. 2014), an out-of-circuit case which cites *Hirschensohn.* However, not only is *Tennille* non-binding on this Court, but the court in *Tennille* explained that the issue of what may be included in a Rule 7 bond was one of first impression in the Tenth Circuit. *Tennille,* 774 F.3d at 1254. The *Tennille* court further recognized that "circuits disagree as to precisely what costs a Rule 7 appeal bond can cover." *Id.* at 1254-1255.

Despite Baker's disapproval of *Nutella,* she does concede that "the Court should impose an appeal bond in the amount of $2,500, for which all of the objectors are jointly and severally liable." (Dkt. 207 at 18). "Baker disputes only the inclusion of anticipated administrative costs in a bond order." (Dkt. 207 at 10).

### D. None Of The Objector Appellants Has Presented Any Evidence That They Are Able To Pay Costs Awarded Against Them

Except for Baker's offer to pay a $1/7^{th}$ share of a $2,500 appeal bond, none of the objector appellants has offered to provide any security whatsoever. Not one of the objectors has provided any evidence—even in the form of an affidavit—that he or she is willing or able to pay any costs awarded against them. Because all of the objector appellants are located outside of this district, Plaintiffs would need to institute collection actions against them in their home states to recover costs. "This fact further supports the need for an appeal bond to mitigate the risk of non-payment." *Dewey*, 2013 WL 3285105 at *3 (citing *In re IPO*, 728 F.Supp.2d at 293 n.7). Courts have consistently held that a bond is warranted in cases where, as here, there is no evidence of the appellants' ability to pay costs on appeal and the appellants live outside the district where the costs are incurred *See, e.g., Dewey*, 2013 WL 3285105; *In re Certainteed*

*Fiber Cement Siding Litig.*, 2014 U.S. Dist. LEXIS 71702, *8 (E.D. Pa. May 27, 2014).[5]

### III.   CONCLUSION

For all of the foregoing reasons, and on the basis of the legal authorities set forth herein and in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Require Objector Appellants to Post Appeal Bonds (Dkt. 205-3), Plaintiffs respectfully request that the Court require the Objector Appellants to post an appeal bond in the amount of $55,000 for which they should bear joint and several responsibility.

---

[5] On July 25, 2015, counsel received a late-served objection from Wanda J. Cochran.  It adds nothing new to the issue of whether a bond should be posted, and it is therefore not being addressed.

11

Dated: July 27, 2015                 HELLRING LINDEMAN GOLDSTEIN
                                     & SIEGAL LLP

                                     By:  s/ Stephen L. Dreyfuss____
                                           A Member of the Firm
                                     One Gateway Center
                                     Newark, New Jersey 07102-5386
                                     Telephone: (973) 621-9020
                                     Facsimile: (973) 621-7406

                                     FOLEY BEZEK BEHLE & CURTIS, LLP
                                     Peter J. Bezek, Esq. (admitted *pro hac vice*)
                                     Robert A. Curtis, Esq. (admitted *pro hac vice*)
                                     J. Paul Gignac, Esq., Of Counsel (admitted *pro hac
                                     vice*)
                                     15 West Carrillo Street
                                     Santa Barbara, California 93101
                                     Telephone: (805) 962-9495
                                     Facsimile: (805) 962-0072

                                     Court-Appointed Class Counsel

39679