August 12, 2015

U.S. District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

Demmick v. Cellco Partnership d/b/a Verizon Wireless
Case No. 06-2163

Dear Sir:

The lawyers want to impose a $55,000 bond on any class member who is appealing
your decision. Nowhere in any of the notices is there any mention of posting a bond
when you object or appeal.

My postcard notice says I am a class member and that I have the right to object.
There is no mention of a bond in the postcard notice. The other notice says I can
object by telling the court that I don't agree with the settlement as a whole, in part,
or anything related like attorneys' fees. I did that. The other notice also says I have
a right to appeal if I met the objection requirements. I did that too. Nowhere in the
other notice is there any mention of a bond as a condition of objecting or appealing.

I join with other class members who oppose the bond and adopt their arguments. I
am also attaching my recent letter to the court of appeals where the lawyers are also
trying to get the appeals thrown out before review.

John Finn
5241 Del Sur Cir.
La Palma, CA 90623-2211

CC: Robert A. Curtis, Esq.
Foley Bezek Behle & Curtis, LLP
15 West Carrillo Street
Santa Barbara, CA 93101

Henry Weissmann, Esq.
Munger, Tolles & Olson, LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071

2015 AUG 14  P 1:57

RECEIVED
DISTRICT OF NEW JERSEY
U.S. DISTRICT COURT
CLERK

LEGAL NOTICE

**Verizon Wireless Family SharePlan subscribers (between May 11, 2002 and May 10, 2006) could get benefits and may be affected by a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**1-877-482-8742**
**www.verizonFSPclassaction.com**

*Si usted desea obtener una copia de la noticia completa en español, visite el sitio*

www.verizonFSPclassaction.com

**CDK**

Demmick v. Cellco Partnership
d/b/a Verizon Wireless
Settlement Administrator
PO Box 43329
Providence, RI 02940-3329

PRESORTED
FIRST-CLASS
U.S. POSTAGE
PAID
YORK, PA
PERMIT NO. 12039



Postal Service: Please do not mark barcode

Claim #: CDK-10563940001 - 20426
C052145
John Finn
Attn: Olga Page
5241 Del Sur Cir., R
La Palma, CA  90623-2211

A $64.2 million settlement has been reached with Verizon Wireless in a class action lawsuit claiming it improperly: (1) billed Family SharePlan customers whose plans provided for different per-minute rates for "after-allowance" minutes used by different phone lines; and (2) charged Family SharePlan customers for "In-Network" or "In-Family" calling when these calls should have been free under the customers' plans. Verizon Wireless denies all of the claims in the lawsuit.

Who is included? Verizon Wireless's records show that the addressee (called "you" in this notice) is included in the settlement. The settlement includes all U.S. residents (as of November 19, 2014) who, between May 11, 2002 and May 10, 2006, were Verizon Wireless Family SharePlan customers: (1) whose plans covered two or more persons with different per-minute rates for "after-allowance" minutes, and who were assessed charges for after-allowance minutes at a rate higher than the rate associated with the phone used to make or receive the calls after the allowance minutes were exhausted, calculated on a real time basis ("FSP Settlement Class Members"); and (2) whose plans offered free "In-Network" and/or "In-Family" calling, and who were charged for "In-Network" and/or "In-Family" calling ("In-Network Settlement Class Members").

What Can You Get? Subject to the Court's approval, FSP Settlement Class Members will receive a bill credit or cash payment from the $36.7 million cash settlement fund after the costs of administering the settlement, court-approved attorneys' fees and expenses, and payments to the Class Representatives have been deducted. In-Network Settlement Class Members will receive either a bill credit or a cash payment as well as a personal identification number ("PIN") containing calling units that can be used to make domestic or international calls. Each PIN will contain approximately 600 calling units (275 million calling units will be available overall—valued at $27.5 million). More details about the terms and conditions of the PINs are provided at www.verizonFSPclassaction.com.

Your Options. If you do nothing, you will be bound by the settlement and you will release claims. If you don't want to be legally bound by the settlement, you must exclude yourself by February 27, 2015. Unless you exclude yourself, you won't be able to sue Verizon Wireless and related parties for any claim asserted in this lawsuit or released by the Settlement Agreement. If you don't exclude yourself from the settlement, you may object and notify the Court that you or your lawyer intend to appear at the hearing. Objections must be filed and served by February 27, 2015. Notices of intent to appear must be filed and served by March 13, 2015. More information is available at www.verizonFSPclassaction.com.

The Court will hold a hearing on March 30, 2015 to consider whether to approve: the settlement; attorneys' fees of up to 30% of the cash settlement fund; notice and administration expenses of up to $2.5 million; $15,000 payments to the Class Representatives (Ralph Demmick and Donald Barth); and the plan of allocation and distribution for the balance of the settlement fund to Settlement Class Members.  Please do not contact Verizon Wireless about this Settlement.

# If you subscribed to a Verizon Wireless Family SharePlan between May 11, 2002 and May 10, 2006, you could get benefits and your rights may be affected by a class action settlement

*Haga clic aquí para ver este aviso en español*

- Customers have sued Verizon Wireless claiming that it improperly charged them under certain Family SharePlans.

- You are included in the Settlement and qualify as a "Settlement Class Member" if you are a member of the "FSP Settlement Class" and/or the "In-Network Settlement Class," generally defined as follows:

  o The **FSP Settlement Class** includes all residents of the United States of America as of November 19, 2014 who, between May 11, 2002 and May 10, 2006, were Verizon Wireless customers subscribing to a Family SharePlan covering two or more persons with different per-minute rates for minutes used after the shared plan allowance was exhausted ("after-allowance minutes"), and who were assessed charges for after-allowance minutes at a rate higher than the rate associated with the phone used to make or receive the calls after the allowance minutes were exhausted, calculated on a real time basis.

  o The **In-Network Settlement Class** includes all residents of the United States of America as of November 19, 2014 who, between May 11, 2002 and May 10, 2006, were Verizon Wireless customers subscribing to a Family SharePlan that offered unlimited, free "In-Network" and/or "In-Family" calling, and who were charged for "In-Network" and/or "In-Family" calling.

- If you are included in this Settlement, then you qualify to receive a cash payment or bill credit from the $36.7 million cash portion of the settlement fund, and/or free calling minutes that can be used for domestic or international calling from any phone.

- **Your legal rights are affected whether you act or don't act. Please read this notice carefully.**

| | |
|---|---|
| **SUBMIT A CLAIM FORM**<br>Deadline: April 29, 2015 | If you did not receive a notice in the mail or by email, then you must submit a claim form to qualify for a cash payment, bill credit, or calling minutes. For further information about how to submit a claim form, please refer to Question No. 9 below. |
| **EXCLUDE YOURSELF**<br>Deadline: February 27, 2015 | Excluding yourself from the Settlement is the only option that allows you to ever be part of another lawsuit against Verizon Wireless and related parties about the legal claims resolved by this Settlement. If you exclude yourself from this Settlement, then you will not be able to obtain any of the benefits that it provides. For further information about how to exclude yourself, please refer to Question Nos. 13-15 below. |
| **OBJECT**<br>Deadline: February 27, 2015 | You can object to the Settlement by writing to the Court about why you do not like the Settlement. For further information about how to object, please refer to Question No. 16 below.  |
| **ATTEND THE HEARING**<br>Deadline for notice of intent to appear: March 13, 2015 | You can attend and/or be heard at the hearing the Court will conduct on March 30, 2015 to decide whether to approve the Settlement. For further information about how to do this, please refer to Question Nos. 20-22 below. |
| **DO NOTHING** | If you do nothing, you will give up your right to ever be part of another lawsuit against Verizon Wireless and related parties about the legal claims resolved by this Settlement. If you are a Settlement Class Member who did not receive a notice in the mail or by email and if you do not submit a claim form, then you will not receive any benefits from this Settlement. For further information, please refer to Question No. 23 below. |

- These rights and options are explained further below.

- The Court in charge of this case still has to decide whether to approve the Settlement. Benefits will be provided if the Court approves the Settlement and after any appeals are resolved. Please be patient.

- **NOTE:** Until the Court makes a final decision about whether the Settlement should be approved, you cannot file a lawsuit against Verizon Wireless and related parties that relates to the Released Claims described in Question No. 12 below.

**QUESTIONS? GO TO WWW.VERIZONFSPCLASSACTION.COM OR CALL 1-877-482-8742**



# BASIC INFORMATION

## 1. Why was this notice issued?

A federal court authorized this notice because you have a right to know about the proposed settlement of this class action lawsuit and about all of your options, before the court decides whether to approve the Settlement. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, and who can get them.

Judge José Linares of the United States District Court for the District of New Jersey is overseeing this class action and the Settlement. The case is known as *Demmick et al. v. Cellco Partnership d/b/a Verizon Wireless*, U.S. District Court for the District of New Jersey, Case No. 06-2163. The people who sued are called the Plaintiffs, and the company they sued, Cellco Partnership (doing business as Verizon Wireless), is called the Defendant or Verizon Wireless.

## 2. What is this lawsuit about?

The lawsuit claims that Verizon Wireless improperly billed Family SharePlan customers whose plans provided for different per-minute rates for "after-allowance" minutes used by different phone lines, in violation of customer contracts and state and federal laws. The lawsuit also claims that Verizon Wireless improperly charged Family SharePlan customers for "In-Network" or "In-Family" calling when these calls should have been free under the customers' plans.

## 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called Plaintiffs or Class Representatives (in this case Ralph Demmick and Donald Barth) sue on behalf of other people who have similar claims. The people included in the settlement of this class action are called a "Settlement Class" or "Settlement Class Members." One court resolves the issues for all Settlement Class Members, except for those who choose to exclude themselves from the Settlement Classes.

## 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or Verizon Wireless. Instead, both sides agreed to a Settlement in order to resolve the lawsuit. The Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.

## 5. How do I know if I am included in the Settlement?

If you received a notice in the mail or by email, Verizon Wireless has identified you as a Settlement Class Member. You may be a member of one or both of the Settlement Classes in this lawsuit. You are included in the Settlement if you meet one or both of the following definitions:

- The **FSP Settlement Class** includes all residents of the United States of America as of November 19, 2014 who, between May 11, 2002 and May 10, 2006, were Verizon Wireless customers subscribing to a Family SharePlan covering two or more persons with different per minute rates for minutes used after the shared plan allowance was exhausted ("after-allowance minutes"), and who were billed under the VISION or I2K billing system and were assessed charges for after-allowance minutes at a rate higher than the rate associated with the phone used to make or receive the calls after the allowance minutes were exhausted, calculated on a real time basis. "The rate associated with the phone used to make or receive the calls after the allowance minutes were exhausted, calculated on a real time basis" means the charge that can be derived by (i) allocating allowance minutes to each phone at the time such phone makes or receives calls, and (ii) after the point in time during the billing cycle that the shared plan allowance is exhausted, computing the charges for additional minutes by using the after-allowance rate for the primary phone for all calls made or received by the primary phone, and using the after-allowance rate for the secondary phone(s) for all calls made or received by the secondary phone(s).

- The **In-Network Settlement Class** includes all residents of the United States of America as of November 19, 2014 who, between May 11, 2002 and May 10, 2006, were Verizon Wireless customers subscribing to a Family SharePlan that offered unlimited, free "In-Network" and/or "In-Family" calling, and who were billed under the VISION or I2K billing system and were charged for "In-Network" and/or "In-Family" calling.

## THE SETTLEMENT BENEFITS – WHAT YOU CAN RECEIVE

### 6. What does the Settlement provide?

Under the Settlement, Verizon Wireless will pay $36.7 million into a settlement fund. After deducting the costs of notice and settlement administration, court-approved attorneys' fees and expenses, and payments to the Class Representatives, the balance of the cash in the settlement fund will be distributed to Settlement Class Members in the form of bill credits or cash payments. In addition, Verizon Wireless will provide In-Network Settlement Class Members with personal identification numbers ("PINs")—valued overall at $27.5 million—that will contain a total of 275 million calling units. As described in more detail below, PINs can be used to make domestic or international calls.  The total settlement fund, including $36.7 million in cash plus $27.5 million in PINs, is $64.2 million.

### 7. Tell me more about the $36.7 million cash portion of the settlement fund.

Members of the FSP Settlement Class and members of the In-Network Settlement Class are each entitled to receive an equal portion of the $36.7 million cash portion of the settlement fund that remains after the costs of notice and settlement administration, court-approved attorneys' fees and expenses, and payments to the Class Representatives are deducted. Settlement Class Members who are Verizon Wireless customers at the time the cash is distributed will receive payment in the form of a bill credit. Settlement Class Members who are former Verizon Wireless customers at the time the cash is distributed will receive payment in the form of a check.

### 8. Tell me more about the PINs and calling units.

Members of the In-Network Settlement Class will also be entitled to receive personal identification numbers ("PINs") containing calling units that can be used to make free telephone calls. A total of 275 million calling units will be made available as part of the settlement fund. Based on a ratio of 10 cents per calling unit, the value of the PINs will be $27.5 million. Each PIN will contain approximately 600 calling units. The PINs can be used to make domestic or international telephone calls. One calling unit will be equal to one minute for a domestic call. The number of calling units needed per minute for an international call will depend on the country called. PINs will be available to use for 24 months from the date that they are distributed to Settlement Class Members. PINs are fully transferrable and can be used on any phone, wired or wireless, except for pay phones.  PINs are subject to additional terms and conditions posted at https://www.verizonfspclassaction.com/Documents/Terms%20and%20Conditions.pdf.

### 9. How do I get the benefits that the Settlement provides?

If you received a notice by mail or email and if you do not exclude yourself from the Settlement (see Question Nos. 13 through 15), then you will automatically receive the Settlement benefits described in this notice. If you did not receive a notice in the mail or by email and if you believe that you are a Settlement Class Member, then you must complete and submit a claim form to receive any benefits under the Settlement. Claim forms are available and may be submitted online at www.verizonFSPclassaction.com. Claim forms are also available by calling 1-877-482-8742.

### 10. When will I receive my Settlement benefits?

The Court will hold a hearing on March 30, 2015 to decide whether to approve the Settlement. Settlement benefits will be distributed if and when the Court grants approval to the Settlement and after any appeals are resolved.

### 11. What rights am I giving up to receive Settlement benefits and stay in the Settlement Classes?

Unless you exclude yourself, you will stay in the Settlement Class (or both Settlement Classes). If the Settlement is approved and becomes final, then all of the Court's orders will apply to you and legally bind you. That means you won't be able to sue, continue to sue, or be part of any other lawsuit against Verizon Wireless or related parties for the legal issues and claims resolved by this Settlement. The specific rights you are giving up are called Released Claims (see Question 12).

### 12. What are the Released Claims?

The "FSP Released Claims" mean that in exchange for the Settlement, all FSP Settlement Class Members will give up any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description whatsoever that relate to after-allowance minutes that were billed to customers who subscribed to a Family SharePlan at a rate higher than the rate associated with the phone used to make or receive the calls after the allowance minutes were exhausted, calculated on a real time basis. "The rate associated with the phone used to make or receive the calls after the allowance minutes were exhausted, calculated on a real time basis" is explained in Question 5, above.  All claims that have been, or could have been, asserted in the litigation will be released. FSP Released Claims include, without limitation, violations of any state or federal statutes, rules or regulations, including

but not limited to 47 U.S.C. § 201, or principles of common law, whether liquidated or unliquidated, known or unknown, in law or in equity, whether or not concealed or hidden.

The "In-Network Released Claims" mean that in exchange for the Settlement, all In-Network Settlement Class Members will give up any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description whatsoever that relate to "In-Network" and/or "In-Family" calls that were billed to customers who subscribed to a Family SharePlan that offered unlimited, free "In-Network" and/or "In-Family" calling. All claims that have been, or could have been, asserted in the litigation will be released. In-Network Released Claims include, without limitation, violations of any state or federal statutes, rules or regulations, including but not limited to 47 U.S.C. § 201, or principles of common law, whether liquidated or unliquidated, known or unknown, in law or in equity, whether or not concealed or hidden.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Verizon Wireless or related parties about the legal claims in the lawsuit, and if you don't want to receive benefits from this Settlement, then you must take steps to exclude yourself. This is sometimes called opting out of the Settlement.

### 13. How do I exclude myself from the Settlement?

To ask to be excluded, you must send a letter to the Settlement Administrator, P.O. Box 43329, Providence, RI 02940-3329. Your letter must be postmarked by **February 27, 2015** and include your name, address, telephone number, your Verizon Wireless cell phone numbers for your account(s), and your signature, and should also include the case name *Demmick v. Cellco Partnership d/b/a Verizon Wireless*, U.S. District Court for the District of New Jersey, Case No. 06-2163. You may also use the "Request for Exclusion" form that is available online at www.verizonFSPclassaction.com or that can be obtained by calling 1-877-482-8742. Online submissions are due by **February 27, 2015**.

### 14. If I exclude myself, will I still receive a payment, bill credit or calling minutes from the Settlement?

No. If you exclude yourself, you are telling the Court that you don't want to be a Settlement Class Member in this Settlement. You can receive a payment, bill credit or calling minutes only if you stay in the Settlement Class.

### 15. If I don't exclude myself, can I sue Verizon Wireless in a different lawsuit for the same claims?

No. Unless you exclude yourself, you are giving up the right to sue Verizon Wireless or related parties for the claims that this Settlement resolves. You must exclude yourself from *this* Settlement to start or continue with your own lawsuit or be part of any other lawsuit. If you are a member of either the FSP Settlement Class or the In-Network Settlement Class (or both) and you already have your own lawsuit or arbitration against Verizon Wireless for the claims made in this lawsuit, and want to continue with it, you must exclude yourself from the Settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement as a whole, some part of it or anything related to it (e.g. the attorneys' fees requested). 

### 16. How do I tell the Court that I don't like the Settlement?

If you are a Settlement Class Member, then you can tell the Court that you don't like the Settlement as a whole, some part of it, or anything related to it (e.g. the attorneys' fees). You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Demmick v. Cellco Partnership d/b/a Verizon Wireless*, U.S. District Court for the District of New Jersey, Case No. 06-2163. Be sure to include your name, address, telephone number, the Verizon Wireless cell phone numbers for your account(s), the reasons why you object to the Settlement, and your signature. Serve your objection on all three addresses below no later than **February 27, 2015**:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| U.S. District Court | Robert A. Curtis, Esq. | Henry Weissmann, Esq. |
| District of New Jersey | Foley Bezek Behle & Curtis, LLP | Munger, Tolles & Olson LLP |
| 50 Walnut Street | 15 West Carrillo Street | 355 South Grand Avenue |
| Newark, NJ 07101 | Santa Barbara, CA 93101 | 35th Floor |
| | | Los Angeles, CA 90071 |

If you do not file an objection to the Settlement that meets these requirements, you may waive your right to appeal the settlement.

## 17. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Classes (do not exclude yourself). Excluding yourself is telling the Court that you don't want to be part of the Settlement Classes. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

# THE LAWYERS REPRESENTING YOU

## 18. Do I have a lawyer in this case?

Yes. The Court appointed the law firms of Arias Ozzello & Gignac LLP, Foley Bezek Behle & Curtis, LLP and Hellring Lindeman Goldstein & Siegal LLP to represent you and other Settlement Class Members as "Class Counsel." You will not be charged personally for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. For example, you can hire your own lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you. Class Counsel cannot represent you if you exclude yourself from the Settlement or if you object to the Settlement.

## 19. How will the lawyers be paid?

If the Settlement is approved by the Court, then Class Counsel will ask the Court to award them attorneys' fees and litigation expenses to compensate them for their efforts in achieving the Settlement, as well as incentive awards for the Class Representatives to compensate them for pursuing this case on behalf of all of the Settlement Class Members. If the Court grants their request, then the attorneys' fees and litigation expenses and the incentive awards will be deducted from the cash portion of the settlement fund. Class Counsel has agreed not to seek more than 30% of the $64.2 million settlement fund for their attorneys' fees and not to seek more than $2.5 million for costs of notice and settlement administration and litigation expenses. Class Counsel have also agreed not to seek more than $15,000 for each of the Class Representatives.

# THE COURT'S FINAL APPROVAL HEARING

## 20. When and where will the Court decide whether to approve the Settlement?

A hearing will be held on **March 30, 2015**, at 10:00 a.m. at the U.S. District Court for the District of New Jersey, located at 50 Walnut St., Newark, NJ 07101. At the hearing, the Court will determine whether the Settlement should be approved as fair, reasonable and adequate, and whether final judgment should be entered. The Court will also consider Class Counsel's request for attorneys' fees and reimbursement of expenses, and the Class Representatives' request for incentive awards. The Court will also be asked to approve a plan of allocation and distribution of the benefits available under the Settlement to the Settlement Class Members. All papers that will be filed with the Court in connection with the final approval hearing will be available for review online at www.verizonFSPclassaction.com.

## 21. Do I have to come to the hearing?

No. Unless you exclude yourself from the Settlement or object to the Settlement, Class Counsel will continue to represent you and will answer any questions the Court may have about the Settlement at the time of the hearing, although you are welcome to attend the hearing at your own expense. If you file an objection to the Settlement, you may attend the hearing and speak to the Court about your objection, but you are not required to do so. As long as you mail your written objection to all three addresses on time, sign it and provide all of the required information (see Question No. 16), the Court will consider your objection. You may, if you wish, pay your own lawyer to attend the hearing, but you are not required to do so.

## 22. May I speak at the hearing?

Yes. You may appear and speak at the hearing. To do so, you must file a written notice of intent to appear with the Court stating that it is your "Notice of Intent to Appear at the Final Approval Hearing in *Demmick v. Cellco Partnership d/b/a Verizon Wireless*, U.S. District Court for the District of New Jersey, Case No. 06-2163." You must include your name, address, phone number, Verizon Wireless cell phone number for your account(s), and signature. If you plan to have your own attorney speak for you at the hearing, then you must also include the name, address and telephone number of the attorney who will appear. Your notice of intent to appear must be served on all three addresses provided in Question No. 16 above by no later than **March 13, 2015**.

# IF YOU DO NOTHING

## 23. What happens if I do nothing?

If you received a notice by mail or email and do nothing, you will automatically remain in the lawsuit and remain eligible to receive Settlement benefits. If you received a notice by mail or email and if you do not exclude yourself from the Settlement (see Question Nos. 13 through 15 above), then you will automatically receive the Settlement benefits described in this notice. If you did not receive a notice in the mail or by email and if you believe that you are a Settlement Class Member, then you must complete and submit a claim form to receive any benefits under the Settlement. Claim forms are available and may be submitted online at www.verizonFSPclassaction.com. Claim forms are also available by calling 1-877-482-8742. Claim forms must be submitted by no later than **April 29, 2015**.

Keep in mind that if you do nothing, then you will not be able to sue, or continue to sue, Verizon Wireless or related parties—as part of any other lawsuit—under state or federal law about any issues within the scope of the releases in the Settlement. The releases are described in detail in the response to Question No. 12 above.

# OBTAINING MORE INFORMATION

## 24. How do I obtain more information?

This notice summarizes the Settlement. More details are in the Stipulation and Settlement Agreement, the Second Amended Complaint and the Court's Preliminary Approval Order – all of which are available at www.verizonFSPclassaction.com. You may also contact Class Counsel by sending an email to J. Paul Gignac, Esq, at j.paul@aogllp.com, or by writing to: J. Paul Gignac, Esq., Arias Ozzello & Gignac LLP, 115 S. La Cumbre Lane, Suite 300, Santa Barbara, California 93105.

Please do not contact the Court, Verizon Wireless or the lawyers for Verizon Wireless. They cannot answer your questions.

DATE: December 22, 2014

July 25, 2015

U.S. Court of Appeals
for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA  19106

        Appeal Nos.:  15-2286, 15-2327, 15-2328, 15-2353, 15-2354, 15-2378,and 15-2456
                       Ralph Demmick vs. Cellco Partnership

To Whom It May Concern:

       I recently received Appellees' Motion for Summary Affirmance which indicates that the lawyers are asking the court to dismiss all of the appeals, including mine.  The lawyers state that my objection, while considered by the district court, was not filed in time.  Attached is the objection I sent to the district court and the statement the lawyers filed with the district court stating that the postcard notice was originally mailed to me on January 16, 2015, but was returned undeliverable with no forwarding address.  They also state that there was no attempt to resend the notice to me until February 11, 2015.  I told the district court in my objection that I did not receive the notice until February 25, 2015 which was only two days before the February 27 deadline.  That is why I was not able to send an objection until March 6, 2015.  The judge did consider my objection and never rejected it as not being filed in time.

       I continue to object to the settlement as it unfairly benefits the lawyers.  The judge's decision establishes a $64.2 million settlement fund, but only $36.7 million is in cash.  The judge *values* the calling units component part of the fund at $27.5 million.  I am not eligible for calling units since I am not an in-network settlement class member.  According to the judge's decision, there are 1,800,836 settlement class members like me and only 401,123 in-network settlement class members.  The judge's decisions says that the lawyers will get 30% of the whole settlement fund and that class members will receive a check after the fund first pays the lawyers $19,260,000 plus their expenses of $352,883 plus the settlement administrators expenses of $2,057,647.  If you do the math right, the lawyers' fees of $19,260,000 is 52% of the cash fund, not 30%.  So the lawyers take more than half of the settlement money before any of the 1,800,836 class members like me get our share, which is ($36,700,000 - $19,260,000 - $352,883 - $2,057,647) / 1,800,836 = $8.35 per class member.  No wonder the two class members, Ralph Demmick and Donald Barth, insisted on getting paid an extra $15,000 each, since they must not have thought $8.35 was a good enough settlement. I don't either and ask that the appeals not be dismissed until this decision is thoroughly reviewed.

John Finn