**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

RALPH DEMMICK, et. al.,

        Plaintiff,

v.

CELLCO PARTNERSHIP,

        Defendant.

Civil Action No.: 06-2163 (JLL)

**OPINION**

**LINARES**, District Judge.

On November 19, 2014, this Court granted preliminary approval to a class action settlement between Plaintiffs Ralph Demmick and Donald Barth, individually and in their representative capacities ("Plaintiffs") and Defendant Cellco Partnership, d/b/a Verizon Wireless. (ECF No. 154). Notice was subsequently given to the 1.8 million class members, and nine individuals filed objections to the settlement.

On March 30, 2015, this Court held oral argument on the objections at a fairness hearing. Only one objector, Nancy Corser, appeared. (*See* ECF No. 178). On April 30, 2015, after considering the arguments raised at the fairness hearing, this Court entered an Order approving Plaintiff's plan of allocation and distribution of the settlement fund. (ECF No. 184, "Final Order"). Seven individuals (collectively, "Objectors" or "Appellants") have filed separate notices of appeal of this Court's Final Order. Presently before the Court is Plaintiffs' Motion to require the Objector Appellants to Post an Appeal Bond in the amount of $55,000, pursuant to Federal Rule of Appellate Procedure 7. (ECF No. 205). This Court has reviewed all papers submitted in relation to this Motion, and for the reasons stated below, Plaintiff's motion is **granted in part.**

## LEGAL STANDARD

Federal Rule of Appellate Procedure 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. District courts have wide discretion in determining whether an appeal bond under Rule 7 will be issued, as well as the amount that will be issued. *See In re Ins. Brokerage Antitrust Litig.*, Civ. No. 04-5184, 2007 WL 1963063, at *2 (D.N.J. July 2, 2007) (Brown, C.J.) (citing *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998)). Courts exercising discretion over the issuance and amount of an appeal bond are guided by the following factors:

> (1) [W]hether the amount of the bond is 'necessary to assure adequate security'; (2) the risks that the appellant will not pay the costs if it loses the appeal; (3) the appellant's financial ability to post bond; and (4) whether the amount of the bond will effectively preclude pursuit of the appeal.

*Dewey v. Volkswagen of America*, Civ. Nos. 07-2249, 07-2361, 2013 WL 3285105, at *2 (D.N.J. Mar. 18, 2013) (Kern, J.) (quotations and citations omitted).[1]

If the Court determines that a bond is appropriate under Rule 7, it must then set the amount of the bond. *See* Fed. R. Civ. P. 7. When determining the amount of the bond, "'[c]osts' referred to in Rule 7 are those that may be taxed against an unsuccessful litigant under Federal Rule of

---

[1] Plaintiffs cite to an Eastern District of Pennsylvania case in support of the proposition that courts should consider "the merits of the appeal" and "whether appellant has shown any bad faith or vexatious conduct." (ECF No. 205-3, "Pls.' Br." at 4-5) (citing *In re Certainteed Fiber Cement Siding Litig.*, MDL No. 2270, 2014 WL 2194513 (E.D. Pa. May 27, 2014)). However, while the Eastern District in that case did recognize that "other courts have also considered the merits of an appeal and whether the appellant has shown any bad faith or vexatious conduct," the Court declined to consider these factors before granting the plaintiffs' motion requiring appellants to post an appeal bond. *Id.* at *2, n. 2. Because this Court finds that the factors outlined in *Dewey* strongly militate towards a finding that an appeal bond is necessary, the Court declines to consider the parties' arguments as to these additional factors other than to note that the Court has previously given all objectors the ability to be heard on their arguments, has reviewed the merits of the Objectors' arguments and issued an extensive opinion on same (see generally ECF No. 181), and has already expressed its weariness of serial objectors in class actions. (ECF No. 181 at 6).

Appellate Procedure 39." *Hirschensohn v. Lawyers Title Ins. Corp.*, Civ. No. 96–7312, 1997 WL 307777, at * 1 (3d Cir. June 10, 1997) (unpublished) (citation omitted).  Federal Rule of Appellate Procedure 39 enumerates the following "costs on appeal [that] are taxable in the district court":

> (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e).  "These various items have their source in 28 U.S.C. § 1920." *Hirschensohn*, 1997 WL 307777, at *1.  Furthermore, Part (c) of Rule 39 requires that each Circuit fix, by local rule, "the maximum rate for taxing the cost of producing necessary copies." Fed. R. App. P. 39(c). Third Circuit Local Appellate Rule 39 .3 outlines the maximum rate at which costs of reproduction will be taxed in this Circuit.  *See* 3d Cir. L.A.R. 39.3 (2011).[2]

Ultimately, a Rule 7 bond is appropriate if it "adequately secure[s the] recovery of costs should the class prevail but [does] not work a financial hardship on the exercise of the Objectors' rights to appeal." *In re Diet Drugs Products Litig.*, MDL No. 1203, Civ. No. 99-20593, 2000 WL 1665134, at *6 (E.D. Pa. Nov. 6, 2000) (citing *Adsani*, 139 F.3d at 76-78).

---

[2] The Third Circuit Local Rule 39.3(c) provides: Costs of Reproduction of Briefs and Appendices.  In taxing costs for printed or photocopied briefs and appendices, the clerk will tax costs at the following rates, or at the actual cost, whichever is less, depending upon the manner of reproduction or photocopying:

(1) Reproduction (whether by offset or typograph):

| | |
|---|---|
| Reproduction per page (for 20 copies or less) | $4.00 |
| Covers (for 20 copies or less) | $50.00 |
| Binding per copy | $4.00 |
| Sales Tax | Applicable Rate |

(2) Photocopying (whether in house or commercial):

| | |
|---|---|
| Reproduction per page Per copy | $ .10 |
| Binding per copy | $4.00 |
| Covers (for 20 copies or less) | $40.00 |
| Sales Tax | Applicable Rate |

## ANALYSIS

### 1. An Appeal Bond is Appropriate in this Action

Of the seven Appellants, only one, Kendrick Jan, (ECF No. 163) disputes the *need* for a bond in any amount. (ECF No. 163, "Jan Opp."). The remaining Objectors either dispute only the amount and composition of the bond (ECF No. 189, "Corser Opp."; ECF No. 192, "Baker Opp."), or otherwise adopt the arguments outlined by Objectors Jan and Baker. [3]

First, Mr. Jan argues that because the funds awarded to the settlement class are being held by a settlement administrator, the posting of a bond is not necessary to assure adequate security of the settlement fund. (Jan Opp. at 3). Mr. Jan also argues that a bond is not necessary where "Plaintiffs have presented no evidence suggesting that [he] would not pay any court ordered costs" or that there is a risk that the Objectors as a group would not pay costs. (Jan Opp. at 4). Moreover, Mr. Jan asserts that Plaintiffs' Motion is brought for the inappropriate purpose of discouraging the Objectors from appealing. (Jan Opp. at 5-6).[4] For the below reasons, this Court finds Mr. Jan's arguments unavailing, and will require the Objectors to post an appeal bond.

First, Mr. Jan's argument that the funds need not be secured because they are currently being held by an administrator is unpersuasive. The very purpose of the Rule 7 bond is to reimburse a settlement class for costs expended in defending an unsuccessful appeal. *See* Fed.

---

[3] This Court has reviewed all papers filed in opposition to Plaintiffs' Motion, and understands that Objectors Michael J. Rinis (ECF No. 193), Wanda J. Cochran (ECF No. 190), and John Finn (ECF No. 201) have all adopted the arguments proffered in Mr. Jan's (ECF No. 163) and Kimberly J. Baker's (ECF No. 192) briefs in opposition.

[4] In response to Plaintiffs' arguments to the contrary, Mr. Jan also contends that the Objectors' appeals are meritorious, and that the appeals are not being pursued in bad faith. (Jan Opp. 6-9). As discussed *infra*, this Court need not engage in extensive discussion on these arguments.

R. App. P. 7. Thus, if the Objectors' appeal proves fruitless and the Objectors fail to pay Plaintiffs' costs incurred on appeal, then the settlement fund will be depleted.

Moreover, contrary to Mr. Jan's assertions, it is not Plaintiffs' burden to show that the Objectors are financially incapable of paying costs upon a lost appeal. *See Dewey*, 2013 WL 3285105, at * 3 ("There is nothing before the Court demonstrating that the appellant objectors have the intention of satisfying any cost award."); *see also In re Certainteed Fiber Cement Siding Litig.* 2014 WL 2194513, at * 2 ("While there is no evidence that the . . . objectors would not pay any costs incurred by the settlement class if they were to lose their appeal, there is also no evidence that the . . . objectors would be able to pay fully the costs if they lose their appeal."). Instead, Courts will assume that Objectors do have the financial ability to pay costs on appeal unless the Objectors proffer any evidence suggesting otherwise. *See In re Initial Public Officer Security Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010) ("[T]he Objectors have not presented any evidence demonstrating that they lack the financial ability to post a bond. Accordingly, the Objectors' ability to do so is presumed."). Here, only one Objector, Michael Narkin, has filed a certification with the Court stating that he does not have the finances to post a bond.[5] (ECF No. 196, "Narkin Opp."). Given that the bond is to be imposed jointly and severally amongst seven objectors, Mr. Narkin's sole declaration of poverty bears little weight on this Court's determination. *See In re Ins. Brokerage Antitrust Litig.*, 2007 WL 1963063, at *3 (imposing a $25,000 bond jointly and severally among ten objectors). For the same reasons, the joint and several liability of the bond will likely do very little to discourage the Appellants from pursuing their appeals.

---

[5] Apparently, Mr. Jan intended to request leave of this Court to file several documents, including a declaration respecting his finances. (ECF No. 218, "Pls.' Sur-Reply" at 4). However, to date, this Court never received nor granted Mr. Jan's request. For these reasons, the representations of Mr. Jan's Declaration, as made in Plaintiff's Sur-Reply, will not be considered by this Court.

Moreover, this Court credits Plaintiffs' argument that a risk of non-payment of costs on appeal is borne by the geographic makeup of seven Objectors, hailing from six different states outside of the Third Circuit. *See In re Nutella Mktg & Sales Practices,* Civ. No. 11-1086, 2012 WL 6013276, at *2 (D.N.J. Nov. 20, 2012) (Wolfson, J.), *aff'd* 589 Fed. App'x 53 (3d Cir. 2014) (unpublished) ("[T]he Objectors, who are a geographically diverse group of individuals, have not provided any evidence or certification representing that they will be able to pay fully the costs of an appeal."); *see also In re Certainteed Fiber Cement Siding Litig.,* 2014 WL 2194513, at *2 ("[T]he objector's residence outside of the Third Circuit will arguably make it more difficult for the settling class to collect their costs should they prevail on appeal.").

Having determined that the Objectors are required to post a bond in order to secure the interests of the remaining non-appealing class members, this Court must now determine the appropriate amount of that bond. *See* Fed. R. App. P. 7.

## 2. The Appeal Bond will Not Consist of Costs Associated with Settlement Administration

Federal Rule of Appellate Procedure 7 instructs that an appeal bond should be issued only in an "amount necessary to ensure payment of costs on appeal." Rule 39(e), in turn, identifies precisely what expenses may be considered "costs":

(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.

Here, Plaintiffs request an appeal bond in the amount of $55,000. (Pls.' Br. at 1). Specifically, Plaintiffs seek $25,000 to cover the anticipated costs of "transcripts, copying, and printing in order to defend against the seven appeals." (Id. at 12.) In other words, $25,000 of the requested appeal bond consists of costs expressly outlined in Rule 39. The second component, or the remaining

6

$30,000 of the requested bond, consists of the anticipated costs of the continued administration of the settlement fund while the appeal is pending ("administrative costs").[6]   (Id.)   The Objectors argue that administrative costs are not permitted in calculating the bond amount.   This Court agrees.

Just last year, this Court was presented with the same question of whether administrative costs could be included in a Rule 7 bond.   *Rossi v. Proctor Gamble Co.*, Civ. No. 11-7238, 2014 WL 1050658 (D.N.J. Mar. 17, 2014) (Linares, J.).   In *Rossi*, this Court adopted the rationale of an unpublished but widely-cited opinion in which the Third Circuit was presented with the question of whether projected attorneys' fees—which, like administrative costs, are not enumerated in Rule 39(e)—can nevertheless be included in a Rule 7 appeal bond.   *Id.* (citing *Hirschensohn*, 1997 WL 307777, at *3).

The Panel in *Hirschenson* held that "attorneys' fees are distinct from the 'costs' defined by Rule 39," and therefore, were excluded from a Rule 7 bond.   *Id.* at *2-3.   The Circuit Court discussed a Supreme Court decision, *Roadway Express, Inc. v. Piper*, where the High Court "explain[ed] that when construing the term 'costs,' it is important to 'look to the contemporaneous understanding of the term.'"   *Id.* at *2 (quoting *Roadway Express, Inc. v. Piper*, 447  U.S. 752, 759 (1980)).   In *Piper*, the Supreme Court "observed that when Congress enacted section 1920 [which is the source of the "costs" outlined in Federal Rule of Appellate Procedure 39], the prevailing 'American Rule' was that 'attorney's fees [were] not among the costs that a winning party [could] recover." *Ibid.* (citing *Piper*, 447 U.S. at 759).   The Supreme Court also recognized

---

[6] Plaintiffs have submitted a declaration of a senior consultant of the court-appointed Settlement Administrator (ECF No. 205-1, "Gyomber Decl."), who estimates monthly costs of up to $2,500, the "chief ongoing cost [of which] will be responding to class member inquiries."  (Gyomber Decl. ¶ 8).  Because this Court reaffirms its holding in *Rossi* that administrative costs cannot be included in the amount of an appeal bond, this Court need not address the Gyomber Declaration.

that Congress has the power to modify section 1920 if it so chooses. *Piper*, 447 U.S. at 760. After discussing the *Piper* decision, the Third Circuit held that "Rule 7 does not grant authority to receive a bond for attorneys' fees in this case." *Hirschensohn*, 1997 WL 307777, at *3. Thus, in *Rossi*, "this Court applie[d] reasoning consistent with that set forth in *Hirshensohn*" and "denie[d] inclusion of any administrative costs that are not specifically enumerated in Rule 39." *Id.* at *2.

Plaintiffs recognize this Court's holding in *Rossi*, but rely on a September 11, 2014 unpublished decision out of the Third Circuit in arguing that this Court should include administrative costs in setting the bond amount. (Pls.' Br. at 10) (citing *In re Nutella Mktg. & Sales Practices Litig.*, 589 F. App'x 53, 60-61 (3d Cir. 2014)). While this Court has reviewed the Third Circuit case upholding the inclusion of administrative costs in a Rule 7 bond, for the reasons set forth below, this Court will continue to follow the rationale outlined in *Hirschensohn* and will exclude administrative costs from the bond amount in this case.

In November of 2012, prior to this Court's *Rossi* decision, another District Court in the District of New Jersey permitted, by way of letter order, the inclusion of administrative costs in an appeal bond. *In re Nutella Mktg & Sales Practices*, Civ. No. 11-1086, 2012 WL 6013276 (D.N.J. Nov. 20, 2012) (Wolfson, J.), *aff'd* 589 Fed. App'x 553 (3d Cir. Sept. 11, 2014). Notably, the District Judge in that case recognized that the Objectors' briefs were largely deficient, particularly in respect to their argument that administrative costs were not appropriate for a Rule 7 bond. *Id.* at *2. On appeal, the Third Circuit affirmed the district court's ruling on administrative costs, stating only: "The District Court determined, over the . . . Appellant's objection, that administrative costs could be secured by a Rule 7 bond. We do not find that determination to be in error." 589 Fed. App'x at 61.

Thus, this Court is faced with two contradictory, unpublished Third Circuit cases.  In *Hirschensohn,* an often-cited opinion, the Third Circuit conducted a thorough analysis of Federal Rules of Appellate Procedure 7 and 39 before concluding that attorneys' fees were not included in a Rule 7 bond.  1997 WL 307777.  By contrast, in *Nutella,* the Third Circuit reviewed the District Court's award of an appeal bond under an abuse of discretion standard and neither cited to nor overruled *Hirschensohn* before stating that it "do[es] not find that determination [as to administrative costs] to be in error."  589 Fed. App'x at 61.  Because this Court finds that the earlier unpublished case more pointedly addresses the issue of costs appropriately included under Rules 7 and 39, it will continue to rely on the *Hirschensohn* rationale in finding that administrative costs are not included in a Rule 7 bond.

Notably, this Court is not the first to credit the holding of *Hirschensohn* over that of *Nutella.* In a published decision post-dating the Third Circuit's unpublished *Nutella* opinion, the Tenth Circuit cited *Hirshensohn* in recognizing that the "Third Circuit[] restrict[s] an appeal bond to only costs listed in Fed. R. App. R. 39." *Tennile v. Western Union Co.,* 774 F.3d 1249, 1255 (10th Cir. Dec. 22, 2014).  Moreover, this Court's determination that administrative costs are not properly included in a Rule 7 bond is consistent with the vast majority of district court decisions within the Third Circuit that have considered the costs that may be included in a Rule 7 bond.  *See, e.g., In re Certainteed Fiber Cement Litig.,* 2014 WL  2194513, at * 4 ("[M]ost decisions within this Circuit that have considered this question have decided that a bond imposed under Rule 7 cannot secure costs associated with continued administration of a settlement fund or damages caused by delay incident to an appeal."); *In re Diet Drugs* 2000 WL 1665134, at * 5 ("[C]osts under Rule 7 are limited to the costs enumerated under Federal Rules of Appellate Procedure 7 and 39 and 28

U.S.C. § 1920."); *In re Insurance Brokerage Antitrust Litig.*, 2007 WL 1963063, at *5 ("following the rational set forth in *Hirschensohn*" in omitting attorneys' fees from a bond amount).

In summary, this Court will continue to follow the lead of the vast majority of district courts within this Circuit, as well as the Third Circuit's *Hirshensohn* decision, in holding that Plaintiffs cannot recover the anticipated costs of the continued administration of the settlement fund in their Rule 7 bond.

## CONCLUSION

For the above reasons, this Court will impose a bond on the Objectors, jointly and severally, in the amount of $25,000.  This Court finds that this amount, split amongst the seven Objectors, will adequately secure Plaintiffs' costs on appeal and does not pose an unreasonable bar to the Objectors' continued pursuit of their appeals.


**IT IS SO ODERED.**



JOSE L. LINARES
U.S. DISTRICT JUDGE